**Xenia V. LOPEZ, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 04–3016.

United States Court of Appeals, Federal Circuit.

DECIDED: April 7, 2004.

Domenique Kirchner, Kathryn A. Bleecker, David M. Cohen, Joseph Trautwein, Washington, DC, for Respondent.

Xenia V. Lopez, Fayetteville, NC, pro se.

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

PER CURIAM.

Xenia V. Lopez ("Lopez") appeals from a final decision of the Merit Systems Protection Board ("Board"), affirming the decision of the Department of the Army ("Army") to remove Lopez from her position as Budget Technician, GS–7, at the Public Safety Business Center at Fort

Bragg. *Lopez v. Dep't of the Army*, No. DC–0752–02–0522–I–1, 94 M.S.P.R. 483 (M.S.P.B. Aug.12, 2003). Because the Board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

Lopez was removed from her position at Fort Bragg after she was observed stealing merchandise on two occasions from the Post Exchange ("PX"). Lopez was observed taking two compact discs on January 10, 2001, and again observed taking a camera and a compact disc on February 27, 2002. Following these incidents, the Army removed Lopez from her position based on two charges: (1) unauthorized entry into the PX in violation of AR 60–20, Section 2–9, on two occasions, and (2) larceny of government property from the PX on the same two occasions.

On May 24, 2002, Lopez appealed her removal to the Board. Following a hearing, the administrative judge did not sustain the Army's charge of unauthorized entry, but sustained the Army's charge that Lopez committed larceny of government property on two occasions, and on that basis determined the agency's penalty of removal was justified. The Board denied Lopez's petition for review, and the initial decision became the final decision of the Board on August 12, 2003.

Lopez appealed. We have jurisdiction from an appeal of a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

## ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without out procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § ·7703(c); *Abell v. Dep't of the Navy*, 343 F.3d 1378, 1382–83 (Fed.Cir.2003). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998).

■ Lopez does not argue that the Board committed legal errors, but instead points to evidence that she claims has bearing on the Board's decision. Lopez contends that the Board's decision was improper because she was never criminally convicted of shoplifting at the Fort Bragg PX. It is not necessary for Lopez to be convicted of a criminal offense for the Army's charge of larceny to be sustained. *See Serrano v. United States*, 612 F.2d 525, 530 (Ct.Cl.1979) (noting that an acquittal of charges at court martial did not preclude agency from independently determining whether an employee acted improperly). Further, the Board noted that the reason no criminal charges were brought against Lopez was because she successfully completed a "shoplifters alternative" course, not because there was no evidence of the larceny. In its decision, the Board carefully considered all of the evidence relating to the larceny charges, including the testimony of a Fort Bragg PX security guard that witnessed both occasions where Lopez allegedly committed larceny and Lopez's statements that she could not remember the incidents. The "straightforward and credible" evidence presented by the security guard who witnessed both incidents provided substantial evidence to sustain the Army's charge that Lopez had intent to commit larceny by "permanently depriv[ing] the owner of the possession or use of the property." The

**1012**

evidence fails to establish that the larceny was caused by her alcoholism and mental illness. Thus, the Board's decision on the larceny charge was supported by substantial evidence and we discern no basis to conclude that the decision of the Board was arbitrary, capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law.

■ The Board further determined, based on all of the evidence that the penalty selected by the Army for Lopez's larceny was justified in light of her position of trust and fiscal responsibility, history of prior discipline, and failure to take responsibility for her actions. Although the Board did not sustain the unauthorized entry charges, the Board did sustain the more serious larceny charges. *Guise v. Dep't of Justice*, 330 F.3d 1376, 1381 (Fed. Cir.2003) ("[W]hen the majority of the charges are sustained and the charge or charges that are not sustained are relatively minor compared to the sustained charges, and when there is no indication that the agency would have adopted a different penalty in the absence of the unsustained charge, we have upheld the penalty without the need for a remand.").

On appeal to this court, Lopez further argues that the Board failed to consider that she was a whistleblower, and that her doctor, the only witness she brought before the Board, provided testimony adverse to her interests much to her surprise and would not have been called as a witness if she had known his testimony would be adverse. Because Lopez did not raise these arguments before the Board, they are waived and will not be considered in the first instance on appeal. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed.Cir.1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court."); *Syn-*

*an v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed.Cir.1985).

We have considered the remainder of Lopez's arguments and find them to be without merit.