NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3316

CHARLES D. GOINES,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED:    November 8, 2004

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Petitioner Charles D. Goines ("Goines") petitions for review of the final decision of the Merit Systems Protection Board (the "Board"), upholding his removal by respondent, the Department of Agriculture ("Agriculture").  Goines v. Dep't of Agric., No. DC-0752020775-I-1 (M.S.P.B. Mar. 25, 2004).  We affirm.

BACKGROUND

Goines was employed as a Construction Representative at the Agricultural Research Service.  He was removed for: (1) failure to follow supervisory instructions on business communications; (2) failure to follow other supervisory instructions; (3) misuse of a government purchase card; (4) failure to follow safety, health and environmental rules and regulations; (5) making misleading statements; (6) negligence in performing

duties; (7) ethical misconduct; and (8) disrespectful and discriminatory remarks. (Resp't App. at 70.)

Goines appealed his removal to the Board. The administrative judge sustained all the charges against Goines, found that his removal promoted the efficiency of the service, and rejected his defense of whistleblowing. The administrative judge therefore affirmed the agency's decision to remove Goines.

Specifically, the administrative judge found that:

(1) Goines had been repeatedly counseled on appropriate language for use in business communications. Despite such instructions Goines had on thirteen instances used disrespectful, unprofessional, derogatory or otherwise inappropriate language or made unsubstantiated claims of fraud, abuse and waste.

(2) During a demolition project, contrary to express supervisory instructions that the entire project be done as a complete contract, Goines removed only the windows and siding materials instead of demolishing the entire building as required.

(3) Goines misused a government purchase card by splitting a $ 3,250 transaction with one contractor into two transactions of $ 1,900 and $ 1,350, in order to evade the $ 2,000 purchase limit on his authority.

(4) Goines had acted contrary to health, safety and environmental regulations by: (a) soliciting bids from contractors without informing them of hazardous lead levels; (b) exposing his own person to hazardous lead levels when lifting contaminated windows and siding materials with his bare hands; (c) directing a

vendor to place hazardous materials on the ground and exposing them to the elements, leading to possible soil contamination; (d) failing to supervise contractors as they removed boards containing lead paint; and (e) authorizing onsite hazardous waste treatment without a required permit.

(5) Goines made misleading statements to vendors by making qualified statements such as, "If the debris is defined as hazardous waste" and, "[t]he amount of lead . . . may exceed the 500 ppm threshold established for hazardous waste," when he had actual knowledge that the debris were in fact hazardous waste and the amount of lead in fact exceeded 500 parts per million.

(6) Goines was negligent in performing his duty. First, Goines failed to include a lead testing report in a statement of work and failed to advise the contractor on the proper treatment of hazardous waste. Second, Goines gave the contractor discretion to weigh "the costs of preparing some of the debris for nonhazardous disposal against the savings of having a smaller pile of hazardous waste to eliminate," which the agency charged was without proper regard for the interests of the United States. The administrative judge determined that both constituted negligent performance of Goines' duty.

(7) Goines engaged in ethical misconduct by: (a) giving contractors government property, specifically storm windows, without authorization; (b) advising another federal employee that she could take government property out of dumpsters for personal use; and (c) instructing contractors to abate hazardous waste onsite in violation of health, safety and environmental regulations, as detailed above. And

04-3316                                    3

(8) Goines made disrespectful and discriminatory remarks in his work, specifically that he sent several emails with ethnic jokes, despite prior counseling as to appropriate language to be used in the workplace.

The administrative judge then rejected Goines' claim that he was removed in retaliation for protected whistleblowing activity. The administrative judge found that Goines had articulated two specific disclosures that might have been protected. The first was his disclosure that he had been pressured to raise the estimate of costs for government contracts. The second was the allegation of threats of physical violence against him. The administrative judge found that Goines' alleged whistleblowing was not a contributing factor to his removal.

The full Board denied Goines' petition for review. Goines petitions this court for review of the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of the Board is limited. The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

I

An agency is authorized to make a removal that promotes the efficiency of the service. 5 U.S.C. § 7513 (2000). Here, the Board determined that removing Goines would promote the efficiency of the service.

We need not sustain every aspect of the Board's decision to sustain the removal. When the majority of charges are sustained and the charges that are not sustained are relatively less serious, and there is no indication that the agency would have adopted a different penalty without the unsustained charges, we may uphold the removal without a remand. Guise v. Dep't of Justice, 330 F.3d 1376, 1381 (Fed. Cir. 2003). In other words, where we find that the Board erred in sustaining a charge but can nonetheless be satisfied with "fair assurance" that "the judgment was not substantially swayed by the error," we should affirm the Board's decision. Id. at 1381-82 (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

Here, the Board found that Goines had, contrary to express instructions, failed to demolish a building as a complete contract but rather removed only the windows and siding materials. The Board found that Goines misused his purchase card by splitting purchases to evade his $ 2000 purchase limit. The Board found that Goines failed to follow applicable heath, safety and environmental regulations. The Board found that Goines was negligent in performing his duty when he failed to provide a contractor with a lead testing report and directions for the proper treatment of hazardous waste. The Board also found that Goines had given away government property without authorization, and created the appearance of impropriety by so doing because he stated in his email giving away the property that "I have owed you [the contractor] some work for some time and this might be a good one to start rewarding you [sic] assistance." (Resp't App. at 35.) These are serious violations, and the record contains substantial evidence to support the Board's findings. We need not consider the remaining charges

as there is no indication that the agency would not have removed Goines if the remaining charges had not been proved.

II

Goines contends that "Agriculture failed to completely explain . . . the charges" against him. (Pet'r Br. at 3.) Specifically, Goines argues that Agriculture failed to specifically define "misconduct" and state its reasons for choosing removal with "verifiable details." (Id.)

A notice of proposed removal should state the specific reasons for the removal. 5 U.S.C. § 7513(b)(1). A notice is sufficient when it apprises the employee of the nature of the charges "in sufficient detail to allow the employee to make an informed reply." Brewer v. USPS, 647 F.2d 1093, 1097 (Ct. Cl. 1981). A notice does not need to include "explicitly every element of every charge underlying the proposed action." Brook v. Corrado, 999 F.2d 523, 526-27 (Fed. Cir. 1993). Here, a notice of proposed removal with nine charges, eight of which were eventually sustained in the decision to remove, and with up to 13 specified incidents alleged to prove a particular charge, is sufficient detail for Goines to have made an informed reply.

III

Goines argues that he made protected disclosures under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16, and that he was removed in retaliation for such disclosures. To state a whistleblowing claim, Goines must identify the precise ground for the charge of whistleblowing and the specific conduct at issue. Ward v. Merit Sys. Prot. Bd., 981 F.2d 521, 526 (Fed. Cir. 1992). Before the Board, Goines specifically identified two disclosures that he claimed to have

made. First, Goines alleged that he disclosed that he had been pressured to raise the estimate of costs for government contracts to various agencies, including the Office of Special Counsel, the Office of the Inspector General, the General Accounting Office, and to Congressman Steny Hoyer. Second, he alleged that he disclosed threats of physical violence against him to Congressman Hoyer. The Board rejected Goines' WPA claims because it found that these disclosures were not a contributing factor to his removal. (Resp't App. at 44-45.) The Board noted that the last of these alleged disclosures was made in 2000, and the notice of proposed removal was not issued until over two years afterwards. Further, the Board credited the testimony of an agency official that the removal was not in retaliation for these alleged disclosures. There is substantial evidence to support the Board's finding that the alleged disclosures were not a contributing factor, and we will not disturb it. Goines has not alleged that he made any other protected disclosures, and we need not consider whether any other communication by Goines might have been a protected disclosure.

IV

Goines alleges that the proceedings before the Board suffered from procedural defects. Specifically, he alleges that he was denied adequate discovery and that the administrative judge was biased against him.

Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the Board. Spezzaferro v. FAA, 807 F.2d 169, 173 (Fed. Cir. 1986). This court will not overturn the Board on such matters unless an abuse of discretion is clear, and the error caused substantial harm or prejudice that could have affected the outcome of the case. Curtin v. OPM, 846 F.2d 1373, 1378-79 (Fed. Cir. 1988). Here,

04-3316 7

Goines discovery requests were for things such as the purchase card logs of all the Agriculture employees in the area, allegedly to prove disparate treatment. (Pet'r Br. at 7.) We can find no abuse of discretion in refusing such overbroad requests. In any event, given the evidence of misconduct as found by the Board, we do not think that any error would have affected the outcome.

Goines also claims that the administrative judge was biased against him because she stated to him: "If your supervisor says something is blue and you say it is green, I am inclined to accept his opinion because he has less to lose." (Pet'r Br. at 9.) This is not evidence of "a deep-seated favoritism or antagonism that would make fair judgment impossible," the standard necessary to prove bias. Liteky v. United States, 510 U.S. 540, 555 (1994); Bieber v. Dep't of the Army, 287 F.3d 1358, 1363 (Fed. Cir. 2002). Goines has not established that the administrative judge was biased against him.

## CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## COSTS

No costs.