NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3115

DEBORAH A. THOMAS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:    November 16, 2004
_____

Before RADER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Deborah Thomas ("Thomas") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), sustaining the action by respondent, the Department of Defense, removing Thomas from her position.  We affirm.

BACKGROUND

Thomas was employed as a sales store checker at the Defense Commissary Agency.  Sales store checkers perform sales clerical duties, and are expected to ensure that the correct amount of money is in the till at the end of a day.  As defined by the relevant performance standard, a "variance" is a discrepancy between the amount of money actually in the till, and the amount that is supposed to be there.  An "excessive variance" occurs when the discrepancy exceeds $ 6.00.  Element 4 of the applicable performance standard permitted: (1) No more than two excessive variances per month;

(2) no more than eight non-excessive variances per month; (3) no single variance or combination of variances totaling more than $ 50.00 per month; (4) no trend of overages or shortages.  The standard states that "failure to meet any of the above will constitute not meeting the element."  (Resp't App. at 27.)

On March 12, 2001, the agency advised Thomas that her performance was falling short of that required.  Specifically, she had 11 variances in December 2000, totaling $ 59.42; and she had 15 variances in January 2001.  The agency placed Thomas on a performance improvement plan ("PIP").  Thomas successfully completed her PIP on August 21, 2001.  At that time, the agency provided written warning that, if Thomas should again fail to maintain an acceptable level of performance during the next one-year period, she could be subject to removal without additional opportunities to improve.

In November 2001, Thomas had 11 non-excessive variances.  On December 15, 2001, she had a shortage of $ 99.95 for that single day.  In light of these two developments, the agency proposed her removal on April 11, 2002.  The removal became effective on May 18, 2002.

Thomas appealed her removal to the Board.  The administrative judge upheld the charge that Thomas had a variance exceeding $ 50.00, but found a standard that permitted no more than eight variances, no matter how small the amount of the variance, was unreasonable and unattainable.  The administrative judge reasoned that the variances may be due to the coin packages provided to Thomas being off by one or two coins, this of course not being Thomas' fault.  The administrative judge also found the standard unreasonable because it counted de minimus errors of a single penny in

determining the number of variances. The administrative judge set aside Element 4 in its entirety and ordered Thomas' reinstatement. The full Board reversed and sustained the agency's removal. The full Board upheld the prohibition against $ 50.00 cumulative variances because neither side challenged its validity before it. It reversed the administrative judge's ruling on the unreasonableness of the prohibition against eight variances because it believed that eight variances was large enough a number to allow for a reasonable number of errors by Thomas, and thus there was substantial evidence to show that the standard was reasonable and attainable. Thomas v. Dep't of Defense, DC-0432020567-I-1 (M.S.P.B. Oct. 17, 2003). Thomas appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). After the submission of this appeal, we ordered supplemental briefing on the question:

> If the court upholds the agency's prohibition against cumulative variances exceeding $ 50 per month as applied in this case, does it need to reach the reasonableness of the prohibition against 8 non-excessive variances in order to affirm the Board's decision?

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

I

Thomas' first argument is the requirement that the cumulative variance per month must not exceed $ 50.00 is an absolute performance standard, and that "[a]n absolute standard constitutes an abuse of discretion unless death, injury, breach of

security, or great monetary loss could result from a single failure to meet the standard." Pet'r Br. at 12 (citing Sullivan v. Dep't of the Navy, 44 M.S.P.R. 646, 652 (1990); Callaway v. Dep't of the Army, 23 M.S.P.R. 592, 599 (1984)). We specifically overruled the Board's Callaway line of cases in Guillebeau v. Department of the Navy, 362 F.3d 1329, 1337 (Fed. Cir. 2004). The agency has authority under 5 U.S.C. § 4302 to set performance standards, and nothing in section 4302 can be read to bar absolute performance standards. Guillebeau, 362 F.3d at 1337. Thomas' argument to the contrary is without merit.

Thomas next argues that the prohibition of cumulative variances exceeding $ 50.00 is unreasonable. "[P]erformance standards "must be reasonable, based on objective criteria, and communicated to the employee in advance." Guillebeau, 362 F.3d at 1337; Wilson v. Dep't of Health & Human Servs., 770 F.2d 1048, 1052 (Fed. Cir. 1985). The administrative judge found that $ 50.00 is a "significant amount of money." (Pet'r App. at 18.) We think that a standard designed to prevent the loss of a significant amount of money is reasonable. There is no dispute that Thomas had a $ 99.95 variance on December 15, 2001. The Board's findings that the prohibition against $ 50.00 cumulative variances is reasonable, and that Thomas failed this requirement, are both supported by substantial evidence. We stated in Lovshin v. Department of the Navy, 767 F.2d 826 (Fed. Cir. 1985) (en banc), that "an agency may reduce in grade or remove an employee for receiving a rating of 'unacceptable' with respect to even a single 'critical element.'" Id. at 834 (emphasis in original). We also stated that "[s]uch action may be taken without regard to performance on other components of the job." Id. The agency properly removed Thomas for failure to meet the performance standard.

04-3115            4

Thomas also argues that the requirement that a cashier have no more than eight non-excessive variances per month, where "non-excessive variance" includes variances of a single penny, is unreasonable.

While there may be merit to Thomas' argument, we need not address the issue of whether the prohibition against eight non-excessive variances is unreasonable. The agency's notice of proposed removal had one single charge: Unacceptable performance due to failure to meet Element 4. (Resp't App. at 28.) That charge contained two specifications: (1) A cumulative variance over $ 50.00 on December 15, 2001; and (2) eleven non-excessive variances in the month of November 2001. (Id. at 29) The agency sustained this charge by finding both specifications proved, and removed Thomas as a consequence thereof. (Id. at 36.)

Our cases clearly establish that where one of two specifications in a charge is sustained, the charge as a whole must be sustained. Guise v. Dep't of Justice, 330 F.3d 1376, 1380 (Fed. Cir. 2003); LaChance v. Merit Sys. Prot. Bd., 147 F.3d 1367, 1371 (Fed. Cir. 1998). We have already sustained the charge based on the specification that Thomas had a $ 99.95 variance on December 15, 2001. Having already decided that Thomas was properly removed on the basis of one specification, we need not consider whether the other specification could have been properly sustained. Thomas does not appear to argue to the contrary. Rather, in her supplemental brief, relying on Eibel v. Department of the Navy, 857 F.2d 1439 (Fed. Cir. 1988), she argues that the entire standard is unenforceable because the portion concerning eight non-excessive variances is invalid. Nothing in Eibel or any of our other

cases permits this type of facial challenge to performance standards. Since the prohibition against $ 50.00 cumulative variances survives Thomas' challenge, other portions of the standard need not be considered.

CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

COSTS

No costs.