NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3245

MAURICE JENKINS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  November 8, 2006

_____

Before LOURIE, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (the Board) affirmed the United States Postal Service's (Agency's) decision to remove Mr. Maurice Jenkins.  See Maurice Jenkins v. United States Postal Serv., CH-0752-05-0532-I-1 (M.S.P.B., Mar. 6, 2006) (Final Order) affirming Maurice Jenkins v. United States Postal Serv., CH-0752-05-0532-I-1 (M.S.P.B. Sept. 22, 2005) (Initial Decision).  For reasons set forth in this opinion, this court affirms.

I.

The Postal Service removed Mr. Jenkins from his position as a letter carrier in Chicago Illinois, on February 18, 2005.  Initial Decision, pg. 1.  The Agency removed Mr.

Jenkins for "failure to maintain regular attendance/violation of a settlement agreement." Id. at 2. The Agency initially informed Mr. Jenkins that he would be removed for attendance problems on August 27, 2004. Id. However, instead of removing him at this time, the Agency entered into a settlement agreement with Mr. Jenkins on October 1, 2004. Id. The settlement agreement stated that the Agency agreed to forego removal if Mr. Jenkins had no more than three unscheduled absences between the dates of October 1, 2004 and January 1, 2005. Id.

On January 5, 2005, the Agency informed Mr. Jenkins that he would be removed from his position on February 18, 2005. Id. The Agency pointed to more than three unscheduled absences, a violation of the settlement agreement. Id. Specifically, the Agency charged that Mr. Jenkins had an unscheduled absence on October 28, 2004; an incident of absence without leave for thirty-two hours November 23-27, 2004; an absence for forty-eight hours without leave between November 15 and 20, 2004; and other unexcused absences for eight hours on October 9 and eight hours on October 5, 2004. Id. Mr. Jenkins then appealed his removal to the Board.

The Board considered Mr. Jenkins appeal and affirmed the removal. The Board correctly noted that the Agency had the burden of proving that Mr. Jenkins indeed had violated the terms of the settlement agreement by having more than three unscheduled absences. Id. at 2, 7. To satisfy its burden, the Agency submitted its "Employee Everything Report" which included attendance records of Mr. Jenkins and Mr. Jenkins' responses to discovery requests. Id. at 2.

The administrative judge examined these records and found that the Agency satisfied its burden of proof for the following dates; October 28 and November 23-27,

2004. Id. at 4. Mr. Jenkins admitted in the discovery requests that he was absent on October 28, 2004, because he suffered a flat tire. Id. at 2. He also admitted to being absent November 23-27 because he was incarcerated. Id. at 3. Thus, the Board determined that because Mr. Jenkins had five unscheduled absences he violated the terms of the settlement agreement. Id. at 4. The Board also determined that any failure to follow all of the procedures of 5 U.S.C. § 7513 was harmless error because Mr. Jenkins was "afforded . . . all the pre-termination process to which he was constitutionally due." Id. at 6. The Board denied Mr. Jenkins' petition for review. Final Decision, pg. 2.

II.

This court has a narrow scope of review for Board decisions. This court affirms a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C § 7703(c); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed Cir. 1984). Based on this standard of review, this court will not overturn an Agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981). Regarding penalties, "the choice of penalty is committed to the sound discretion of the employing Agency and will not be overturned unless the Agency's choice of penalty is wholly unwarranted in light or all relevant factors." Guise v. Dep't of Justice, 330 F.3d 1376, 1381 (Fed. Cir. 2003).

On appeal, Mr. Jenkins must show that he did not have more than three unscheduled absences. Buchanan v. Dep't of Energy, 247 F.2d 1333, 1338 (Fed. Cir. 2001). However, Mr. Jenkins does not provide any evidence to the contrary. Rather, Mr. Jenkins simply asserts that he has a family to support and the grounds for his removal are unfounded. Mr. Jenkins in no way demonstrates that the Board incorrectly determined that he had five unscheduled absences in violation of his settlement agreement. The administrative judge reviewed the evidence submitted by the Agency and determined that the Agency proved by a preponderance of evidence that Mr. Jenkins had five unscheduled absences. 5 U.S.C. § 7701(c)(1)(B). Thus, this court must affirm.

Mr. Jenkins argues that the penalty of removal was unreasonable. Mr. Jenkins argues that the Board should have considered that he was a victim of a crime. Mr. Jenkins, however, does not show that these circumstances contributed to his unscheduled absences for a flat tire and imprisonment -- the basis for his removal.

In addition, Mr. Jenkins argues that the Board should have considered additional provisions of law including 5 C.F.R. 1201.56, 5. U.S.C. 7116, 5 U.S.C. 5596, and Articles 13 and 16 of the National Agreement of the National Association of Letter Carriers. The Board determined that the Mr. Jenkins violated the terms of his settlement agreement, that his attendance problems from work caused Agency inefficiency, and that removal was reasonable because of Mr. Jenkins history of absenteeism. Initial Decision, pg. 4. In addition, although the Agency did not fully comply with the procedures of 5 U.S.C. § 7513 (the Agency did not provide a written decision of the removal stating the specific basis for the removal but rather only

provided a notice of removal to Mr. Jenkins), the Board determined this was a harmless procedural error because Mr. Jenkins was afforded a "pre-disciplinary meeting" and an opportunity to appeal his removal. This court finds nothing in the provisions cited by Mr. Jenkins that changes this determination. Accordingly, this court affirms.