NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3328

SCOTT A. CURRY,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

Scott A. Curry, of Troy, Montana, pro se.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director.  Of counsel on the brief was Jennifer T. Newbold, Office of the General Counsel, United States Department of Agriculture, of Missoula, Montana.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3328

SCOTT A. CURRY,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED:  February 9, 2007

_____

Before LOURIE, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Scott A. Curry petitions this court for review of the decision of the Merit Systems Protection Board (the Board) affirming the agency's decision of removal.  See Scott A. Curry v. Dep't of Agric., DE-0752-05-0294-I-1 (M.S.P.B. May 12, 2006) (Final Order), denying petition for review of  Scott A. Curry v. Dep't of Agric., DE-0752-05-0294-I-1 (M.S.P.B. Dec. 14, 2005) (Initial Decision).  For reasons set forth in this opinion, this court affirms.

I

The United States Department of Agriculture (USDA) removed Mr. Curry for failure to cooperate in an official investigation.  Mr. Curry appealed his removal to the Board.  Initial Decision, slip op. at 1.  The administrative judge determined that the

USDA was justified in removing Mr. Curry because Mr. Curry had violated USDA policies. Id. at 13. The administrative judge determined that because the investigation was administrative in nature and not criminal, and because of the grant of use immunity, Mr. Curry's Fifth Amendment rights were not violated by a requirement for him to attend an interview with the USDA. Id. at 9-11. The administrative judge upheld Mr. Curry's removal. Id. at 12. The full Board denied Mr. Curry's petition for review. Final Order.

II

This court's scope of review of the Board's final decision is narrow. This court affirms a Board decision unless it is (1)arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2)obtained without procedures required by law, rule, or regulation having been followed; or (3)unsupported by substantial evidence. 5 U.S.C § 7703(c); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed Cir. 1984). Based on this standard of review, this court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. U. S. Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981). Regarding penalties, "[T]he choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." Guise v. Dep't of Justice, 330 F.3d 1376, 1382 (Fed. Cir. 2003).

In order to prove that Mr. Curry was properly removed from federal service, the USDA must show that the conduct that removal was based on occurred, that the conduct affected the efficiency of the service, and that the imposed penalty was reasonable. James v. Dale, 355 F.3d 1375, 1378 (Fed. Cir. 2004).

2006-3328                                                    2

This court finds no errors in the Board's determination that the agency properly justified Mr. Curry's removal. The request for an interview with Mr. Curry was determined to be a legitimate request. Initial Decision, slip op. at 8. Having found a valid reason for the request for an interview, the Board then considered whether Mr. Curry properly invoked his Fifth Amendment rights. Id. The USDA informed Mr. Curry that he would be removed if he did not participate in the interview and that his answers could not be used against him in a criminal case. He was further granted use immunity from the Department of Justice (DOJ). Contrary to Mr. Curry's arguments on appeal, both the immunity he received through the Kalkines warnings, see Initial Decision, slip op. at 3, and the use immunity provided to him by the DOJ, were sufficient to protect him. Further as the government points out on appeal, Mr. Curry never appeared for his interview and so any questions concerning crimes of violence (an area not covered by his use immunity) are not applicable in this situation. See Initial Decision, slip op. at 9-10. Thus, in such a situation, the government possesses the power to remove him from his position because he subsequently did not participate in the interview. See Garrity v. New Jersey, 385 U.S. 483, 500 (1967).

Next, Mr. Curry's failure to appear for an interview affected the efficiency of the USDA since Mr. Curry's involvement was of principal importance to its investigation. See Weston v. Dep't of Hous. & Urban Dev., 724 F.2d 943, 949 (Fed. Cir. 1983). The Board properly found that Mr. Curry had extensive involvement in the contracting issue that was being investigated. Initial Decision, slip op. at 8.

Finally, the Board properly determined that the penalty of removal was appropriate. As stated above, this court cannot overturn a penalty unless this court

determines it is wholly unwarranted in light of all the relevant factors.  Guise, 330 F.3d at 1382.  These factors are set out in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305-06 (1981).  Here, the Board properly considered these factors, including the fact that Mr. Curry had 15 years of exemplary service prior to this incident.  Initial Decision, slip op. at 12.  However, the Board noted that "the appellant acted intentionally and with full knowledge that he could be removed when he failed to attend the December 16th interview."  Initial Decision, slip op. at 13.

Accordingly, this court affirms the Board's decision.

No costs.