Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3312

NORBERT J. CEBULA,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Norbert J. Cebula, of Hull, Massachusetts, pro se.

David F. D'Alessandris, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director.

Appealed From: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3312

NORBERT J. CEBULA,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:  March 9, 2007

_____

Before MICHEL, <u>Chief Judge</u>, GAJARSA, <u>Circuit Judge</u>, and ROBINSON,[*] <u>Chief Judge</u>.

PER CURIAM.

Norbert J. Cebula petitions for review of the final decision of the Merit Systems Protection Board ("MSPB"), Docket No. PH-0752-05-0531-I-1 (May 12, 2006), sustaining the decision of the Department of Veterans Affairs ("VA") to remove Cebula from his position due to his physical inability to perform the duties of his position.  For the reasons set forth in this opinion, we <u>affirm</u>.

## I.    BACKGROUND

---

[*]    Honorable Sue L. Robinson, Chief District Judge, United States District Court for the District of Delaware, sitting by designation.

Cebula was employed at a VA office in Boston, Massachusetts as a Contract Specialist involved in the solicitation and processing of construction and services contracts. From October 19, 2004 until the end of his employment by the VA on June 17, 2005, Cebula was unable to work due to his medical conditions. His treating physician, Dr. Mark Schlickman, initially diagnosed him with major depression and related symptoms, recommending that he not work from October 19, 2004 until November 19, 2004. Dr. Schlickman revised his diagnosis and extended the date of Cebula's expected return to work several times in the ensuing months, eventually diagnosing Cebula with bipolar disorder on April 29, 2005, and pushing back the date on which he could return to work to July 1, 2005. Dr. Schlickman indicated multiple times in letters to the VA that Cebula's condition precluded his performing any of his duties—or any employment at all—and that his disability could be permanent.

On May 3, 2005, the VA sent Cebula a letter informing him of the agency's proposal to remove him from his position due to physical inability to perform its essential duties. After considering Cebula's response, the agency notified Cebula that it had decided to remove him effective June 17, 2005. Cebula filed an appeal to the MSPB on July 19, 2005. The administrative judge ("AJ") sustained the agency's decision on February 3, 2006, finding that (1) a nexus existed between Cebula's medical condition and his inability to perform his duties, (2) his removal promoted the efficiency of the service, and (3) his removal was reasonable. The MSPB denied Cebula's petition for review, making final the AJ's decision, on May 12, 2006. Cebula then filed this appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

We must affirm a decision of the MSPB unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

The AJ applied the proper analysis for reviewing an agency's removal action. The agency must show (1) the charged conduct occurred or condition exists, (2) a nexus between the condition and the deficiencies in performance, (3) the removal promotes the efficiency of the service, and (4) the removal is a reasonable penalty. See James v. Dale, 355 F.3d 1375, 1378 (Fed. Cir. 2004).

Here, the MSPB's decision is amply supported by the record. Cebula had been on sick leave for over six months by the time the agency proposed to remove him from his position. His own physician indicated that the disability prevented his performing any of the duties of his employment and also indicated that the condition could be permanent. Further, Cebula admitted during the proceedings before the AJ that he remained unable to work. A nexus clearly existed between his medical condition and the deficiencies of his performance, namely not being able to do the work his position requires.

The record also supports the finding that Cebula's removal promoted the efficiency of the service. Cebula could not perform any of the duties of his position for a substantial length of time, and the likelihood of his being able to resume his duties was questionable. The agency and its function would clearly benefit by replacing Cebula with an employee who is able to perform the duties of the position.

Finally, "the choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." Guise v. Dep't of Justice, 330 F.3d 1376, 1382 (Fed. Cir. 2003). The relevant factors are those enumerated in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981). While the MSPB gave only a cursory examination of the Douglas factors in its initial decision, any error was harmless as the record substantially supports the MSPB's finding that the penalty was reasonable. Given the nature and duration of Cebula's condition, his physician's consistent recommendation that he not engage in any employment, and the unlikelihood of significant improvement in his condition, the agency's decision to remove Cebula was reasonable.