**Michael A. GUISE, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 02–3339.

United States Court of Appeals,
Federal Circuit.

June 9, 2003.

Christian A. Lovecchio, Campana, Lovecchio & Morrone, P.C., of Williamsport, PA, argued for petitioner. On the brief was Marc F. Lovecchio.

Colleen Hanrahan, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel was Natalie R.W. Holick, Attorney.

Before CLEVENGER, BRYSON, and PROST, Circuit Judges.

BRYSON, Circuit Judge.

Petitioner Michael A. Guise petitions for review of the decision of the Merit Systems Protection Board affirming his removal from a supervisory position with the Federal Bureau of Prisons. We affirm.

I

Mr. Guise worked as a Supervisory Correctional Officer at the Federal Prison Camp in Allenwood, Pennsylvania. On April 30, 2001, the Chief Correctional Supervisor at the Allenwood facility proposed to remove Mr. Guise, citing five charges. The charges were: (1) providing preferential treatment to certain inmates, consisting of allowing those inmates to make unmonitored telephone calls from a staff telephone; (2) making derogatory state-

ments about supervisors, consisting of questioning the associate warden's competence before subordinate staff members and making comments suggesting that the associate warden was using underhanded methods to investigate staff members; (3) failing to record and dispose of contraband properly on two occasions; (4) making inappropriate comments to subordinate staff members, consisting of stating that if he recovered $5000 in contraband that was reportedly hidden in an inmate housing unit he would not turn it in to the appropriate authorities; and (5) introducing contraband—a hand-held tape recorder—into the facility without authorization.

After considering Mr. Guise's responses to the charges, the warden at the Allenwood facility sustained the charges and effected Mr. Guise's removal. Mr. Guise then appealed his removal to the Merit Systems Protection Board. Following a three-day evidentiary hearing, the administrative judge issued a decision sustaining all five charges against Mr. Guise and upholding the penalty of removal. After the full Board denied review, Mr. Guise petitioned for review by this court.

## II

Mr. Guise contends that the charges against him were not supported by substantial evidence and that the administrative judge committed various legal errors. We address each of the charges in turn.

### A. Preferential Treatment of Inmates

■ As to the first charge, Mr. Guise does not dispute that he allowed certain inmates to make unmonitored telephone calls from a staff telephone. He argues, however, that his conduct was consistent with accepted practice. In support of his contention, he points to evidence that there were special instances in which inmates were permitted to make unmonitored telephone calls. The administrative judge found, however, that it was general agency policy not to permit inmates to make unmonitored telephone calls and that Mr. Guise did not show that the calls he allowed were covered by any exception to that policy. Substantial evidence in the record supports those findings.

Mr. Guise argues that the administrative judge impaired his ability to present a defense to the preferential treatment charge by declining his request for 25 of the 35 witnesses he wished to call with regard to that charge. Following a telephonic pre-hearing conference, the administrative judge denied Mr. Guise's request for those witnesses on the grounds that they did not have relevant testimony to offer, that their testimony would have been cumulative, or that they were withdrawn by Mr. Guise's representative.

■ A determination to allow or exclude witness testimony is within the sound discretion of the administrative judge. *See Tiffany v. Dep't of the Navy,* 795 F.2d 67, 70 (Fed.Cir.1986). Mr. Guise has not shown that the administrative judge abused her discretion by limiting the number of witnesses he was allowed to call; he has simply asserted that he should have been allowed to call more witnesses. Yet while Mr. Guise's original witness list contained 35 names, only 15 were listed as having relevant evidence regarding the agency's policy and practice as to unmonitored telephone calls, and the administrative judge heard evidence from seven of those witnesses, either through live testimony or deposition. Moreover, Mr. Guise has not identified which witnesses he withdrew at the prehearing conference, so it is

impossible to know whether any of the remaining eight witnesses from that group of 15 were withdrawn at that time. In the absence of a more specific showing that the administrative judge's ruling as to the requested witnesses deprived Mr. Guise of important evidence, we hold that the administrative judge's ruling on witnesses was not an abuse of discretion.

 Mr. Guise further contends that the administrative judge erroneously failed to compel the Bureau to produce telephone and disciplinary logs from the Allenwood facility. Again, Mr. Guise has not made a sufficient showing of how the requested evidence would have supported his case. In light of the broad discretion accorded to administrative judges in discovery matters, *see Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir.1988), Mr. Guise has not shown that the administrative judge abused her discretion in denying his discovery request in that regard. We therefore sustain the Board's ruling with respect to the first charge against Mr. Guise.

### B. Derogatory Statements

 Substantial evidence also supports the administrative judge's finding that Mr. Guise committed the offense alleged in charge two by making derogatory statements to subordinate staff regarding the associate warden. Several witnesses testified that Mr. Guise frequently used highly derogatory terms to describe the competence of the associate warden and the means he used to investigate staff members. Moreover, there is no force to Mr. Guise's contention that his disparaging comments to his subordinates about the associate warden were matters of public concern and therefore protected by the First Amendment. *See Connick v. Myers,*

461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Accordingly, we sustain the second charge as well.

### C. Failure to Record and Dispose of Contraband

 Charge three contained two specifications. The first alleged that on June 5, 2000, Mr. Guise went to another officer's home with contraband that had been found near the Allenwood facility, offered it to the officer, and then, after the officer refused to take the contraband, told the officer that he was going to throw it away or might turn it in. The second specification alleged that on May 26, 2000, Mr. Guise discovered contraband but then told two other officers to remove the contraband from the lieutenant's office and put it into his truck because he intended to return it to the drop site, the place where the contraband had been found.

With respect to the first specification, the alleged contraband was apparently found outside the institution, and there is therefore some question whether it is proper to refer to the items in question as "contraband," as that term is defined for purposes of Bureau of Prisons policies. The second specification, however, is amply supported by the evidence, as witnesses testified that the contraband in question was inside the institution and that Mr. Guise directed others to remove the contraband from the office and place it in his personal vehicle. Because one of the two specifications of charge three is supported by substantial evidence, the charge as a whole must be sustained. *See Lachance v. Merit Sys. Prot. Bd.*, 147 F.3d 1367, 1371 (Fed.Cir.1998).

### D. Inappropriate Comments

 In charge four, the agency alleged that Mr. Guise told subordinate staff mem-

bers that if he recovered $5000 in contraband cash that was reportedly hidden in an inmate housing unit he would not turn it in to the appropriate supervisor. Mr. Guise argues that the evidence reflects that he said that a supervisor "would never see" the money, but not that he said he would not turn it in. Affidavits and testimony from other correctional officers, however, make clear that the officers interpreted Mr. Guise's statement to mean that he would not turn the money over to the proper authority, a reasonable interpretation under the circumstances. That charge is thus supported by substantial evidence.

### E. Introduction of Contraband

■ With respect to charge five, Mr. Guise does not deny that he had a tape recorder in his possession while on the Allenwood premises, nor does he dispute that recording devices constitute contraband. He contends, however, that there is no evidence that he introduced the tape recorder into the facility. The relevant policy in question, Program Statement 3420.09, entitled Standards of Employee Conduct, states, "The introduction of contraband into or upon the grounds of any federal penal or correctional institution ... without the Warden's knowledge and consent, is prohibited." The administrative judge did not point to any evidence that Mr. Guise introduced the tape recorder into the facility, and the only evidence in the record on that issue is the statement of one of the correctional officers that Mr. Guise "brought [the tape recorder] in one day." That statement, even though not elaborated on, may be sufficient to support a conclusion that Mr. Guise brought the tape recorder into the institution from outside. However, it is not necessary for us to decide whether charge five is supported

by substantial evidence, as the penalty would not be affected even if that charge were dismissed.

In cases in which this court has upheld fewer than all the charges against an employee, the court has not invariably remanded for a new penalty determination. Instead, the court has considered the number and seriousness of the charges sustained as compared to the number and seriousness of those that have not been sustained. When we have invalidated most of the charges against the employee, or the invalidated charges are the most serious charges, we have vacated the penalty and remanded for reconsideration of the penalty in light of the significant change in the number and seriousness of the sustained charges. *See Grafton v. Dep't of the Treasury,* 864 F.2d 140, 144 (Fed.Cir.1988); *Southers v. Veterans Admin.,* 813 F.2d 1223, 1226 (Fed.Cir.1987). Moreover, when there is some indication that the agency would have regarded the sustained charges as insufficient to justify the penalty imposed, we have vacated the penalty and remanded with directions that the Board remand the case to the agency for redetermination of the appropriate penalty. *See Modrowski v. Dep't of Veterans Affairs,* 252 F.3d 1344, 1353 (Fed.Cir. 2001). However, when the majority of the charges are sustained and the charge or charges that are not sustained are relatively minor compared to the sustained charges, and when there is no indication that the agency would have adopted a different penalty in the absence of the unsustained charge, we have upheld the penalty without the need for a remand. *See Kumferman v. Dep't of the Navy,* 785 F.2d 286, 291–92 (Fed.Cir.1986). The inquiry in such cases is akin to a harmless error inquiry, under which an appellate court is required to uphold the decision of

a lower tribunal if the court is satisfied, "with fair assurance," that "the judgment was not substantially swayed by the error." *Kotteakos v. United States,* 328 U.S. 750, 765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

In this case, we are persuaded that it is not necessary to remand for further proceedings with respect to the penalty. We have sustained four of the five charges against Mr. Guise, including the three serious charges of providing preferential treatment to certain inmates, failing to record and dispose of contraband properly, and making inappropriate comments to subordinate staff members about turning in contraband funds that might be found in the institution. Those charges appear far more serious than the charge of bringing a tape recorder into the institution. Moreover, the agency treated the sustained charges as more serious, as the removal letter to Mr. Guise focused particularly on the sustained charges and their effect on the proper functioning of the Allenwood facility. We therefore conclude that even if we were to hold that substantial evidence did not support charge five, there would be no need to remand for a new penalty determination.

### III

 Mr. Guise next contends that the agency did not establish a sufficient nexus between the charged conduct and the efficiency of the service. *See* 5 U.S.C. § 7513(a). The record, however, contains substantial evidence that Mr. Guise's conduct caused legitimate security concerns and detrimentally affected workplace discipline at the Allenwood facility. The warden's removal letter to Mr. Guise explained how aspects of Mr. Guise's conduct "spread[ ] internal dissension" and made it more difficult "to maintain the safe and orderly running of" the facility. The administrative judge agreed that Mr. Guise's conduct was shown to be detrimental to the agency's mission. Mr. Guise has not persuaded us that the Board's finding on that issue is unsupported by substantial evidence.

### IV

 Finally, Mr. Guise argues that the penalty of removal is unreasonable. The choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors. *Lachance v. Devall,* 178 F.3d 1246, 1251 (Fed.Cir. 1999). The relevant factors that the agency must consider are set forth in *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981). Mr. Guise contends that the administrative judge abused her discretion by accepting the testimony of the warden regarding his consideration of the *Douglas* factors. The administrative judge, however, credited the evidence that the agency considered the pertinent factors bearing on the appropriate penalty, and we see no basis for overturning the administrative judge's determination, particularly in light of the very limited scope of our reviewing authority on the penalty issue. Accordingly, we affirm the decision of the Board upholding Mr. Guise's removal.

*AFFIRMED.*