**Thomas E. ROYAL, III, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 03–3292.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 5, 2004.

Thomas E. Royal, III, of Counsel, Lake Mary, FL, for Petitioner.

Lori Ann Commins, Principal Attorney, Lori J. Dym, Todd M. Hughes, David M. Cohen, Claudia Burke, Stephen D. Lobaugh, Of Counsel, Washington, DC, for Respondent.

Before MAYER, Chief Judge,
SCHALL, and DYK, Circuit Judges.

## DECISION

PER CURIAM.

Thomas E. Royal, III petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained his removal by the United States Postal Service ("Postal Service" or "agency") for unsatisfactory performance based upon his refusal to follow his supervisor's instructions. *Royal v. United States Postal Serv.*, No. AT–0752–02–0069–I–1, 94 M.S.P.R. 485 (M.S.P.B. Jun.27, 2003). We *affirm*.

## DISCUSSION

### I.

The agency's narrative supporting the charge against Mr. Royal described five instances of his refusal to comply with orders to "stay and case his flats." Following a hearing, an administrative judge ("AJ") determined that the Postal Service had proved the charge of unsatisfactory performance by a preponderance of the evidence, that there was a nexus between the efficiency of the service and the sustained charge, and that the penalty of removal was reasonable. *Royal v. United States Postal Serv.*, No. AT–0752–02–0069–I–1 (M.S.P.B. Feb.8, 2002). The AJ's initial decision became the final decision of the Board on June 27, 2003, after the Board denied Mr. Royal's petition for review for failure to meet the criteria set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifi-

cally, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

Mr. Royal makes essentially two arguments on appeal. First, he asserts that the AJ erred by not allowing him to present the exhibits and witnesses he needed to argue his case. However, he only mentions one excluded witness by name, his wife, and only specifies one excluded exhibit, a proposed settlement agreement between himself and the agency. Most importantly, Mr. Royal fails to explain how his wife's testimony, or that of any other witness, or how any excluded exhibit, would have helped his case. A determination to allow or exclude witness testimony is within the sound discretion of the AJ. *Guise v. Dep't of Justice*, 330 F.3d 1376, 1379 (Fed.Cir.2003). The same is true with respect to a determination to allow or exclude exhibits. *See id.*; 5 C.F.R. § 1201.41(b)(8). Mr. Royal has not shown that the AJ abused his discretion in his evidentiary rulings.

Mr. Royal's second argument on appeal is that the AJ erred in upholding the penalty of removal. He first contends that the AJ failed to properly weigh the factors that an agency must take into account when setting a penalty. *See Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 5 M.S.P.B. 313 (1981). The contention is without merit. The AJ considered the *Douglas* factors pertinent to Mr. Royal's case. That is all he was required to do. *See Webster v. Dep't of the Army*, 911 F.2d 679, 686 (Fed.Cir.1990). Moreover, we see no error in the AJ's treatment of the pertinent *Douglas* factors.

Mr. Royal's second argument concerning the penalty imposed by the Postal Service is that the AJ did not allow him to explain the prior disciplinary actions that the agency took into account in deciding to remove him. This contention too is without merit. The requirements for insulating these past disciplinary actions from challenge were met. *See United States Postal Serv. v. Gregory*, 534 U.S. 1, 7, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001); *Bolling v. Dep't of the Air Force*, 9 M.S.P.R. 335, 8 M.S.P.B. 658 (1981). There has been no showing on appeal as to what further evidence Mr. Royal wished to offer to "explain" the prior actions. Under these circumstances, Mr. Royal has not shown that the AJ erred in ruling that Mr. Royal could not offer explanatory evidence.

In sum, the decision of the Board is supported by substantial evidence and is free of legal error. Accordingly, it is affirmed.