NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3408

KEVIN M. WHITELEY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: June 1, 2005

_____

Before NEWMAN, SCHALL, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Kevin M. Whiteley ("Whiteley") seeks review of the final decision of the Merit Systems Protection Board ("Board"). <u>Whiteley v. Dep't of Justice</u>, No. DA-0752-03-0349-I-1 (M.S.P.B. June 28, 2004). We <u>affirm</u>.

BACKGROUND

Before his removal from service on March 21, 2003, Whiteley was employed as a Criminal Investigator (Special Agent) in the Beaumont Field Office of the Bureau of Alcohol, Tobacco and Firearms ("ATF").

The events leading to Whiteley's removal are as follows. On October 12, 2001, Whiteley and his then-girlfriend Andrea Ray ("Ray") were involved in a domestic dispute, which resulted in injury to Ray. Whiteley's supervisors told him to refrain from

contact with Ray, but Whiteley continued to contact her. On various occasions Whiteley, <u>inter alia</u>, used his ATF credentials in an attempt to locate Ray, communicated to Ray that he intended to harm himself, and used his government owned vehicle to search for Ray.

Following an internal investigation, the agency issued a Notice of Proposed Removal on October 7, 2002. The notice contained four charges, three of which contained multiple specifications:[1] 1) conduct unbecoming an ATF Special Agent, 2) willful misuse of a government owned vehicle, 3) misuse of official position/identification, and 4) use of poor judgment.

The conduct unbecoming charge contained two specifications. Specification 1 was titled "Domestic Violence" and alleged that on October 12, 2001, Whiteley threw Ray into a column in their home, causing a bruise on her arm. He then threw a pewter cross at her, resulting in a deep cut and severe pain. Ray attempted to escape, but Whiteley followed her to the bedroom, where he pushed her to the floor and into a bed frame. The impact of her head with the floor and bed frame resulted in a cut over her eye that required five stitches to close. Specification 2 was titled "Threatening to Harm Yourself" and alleged that during a December 21, 2001, incident Whiteley showed his firearm to Ray and stated, "I don't care anymore," which was a threat that Whiteley intended to harm himself.

The willful misuse of a government owned vehicle charge contained two specifications. The second specification alleged that on January 16, 2002, Whiteley

---

[1] We do not describe specifications not sustained by the administrative judge.

used his government owned vehicle to search for Ray. The search included stops at Ray's apartment building, a bar, and a Wal-Mart. The misuse of official position/identification charge contained one charge. It alleged that approximately two days after Whiteley and Ray ceased cohabitating that Whiteley visited a store where Ray had told Whiteley she worked. Whiteley identified himself as an ATF agent and displayed his ATF credentials to a store employee, and asked to speak with Ray.

The use of poor judgment charge contained three specifications. All three specifications alleged that immediately following the incident of October 12, 2001, Whiteley's supervisors told Whiteley not have any contact with Ray. Despite this advice, the specifications alleged that Whiteley (1) called Ray numerous times on the telephone from December 23 through 27, 2001; (2) called and visited her workplace on December 28, 2001; and (3) went to a Wal-Mart where Whiteley had been told Ray was shopping on January 16, 2002, and delivered mail to Ray's apartment on preceding days.

Upon review of the record evidence, consideration of Whiteley's oral response, and application of the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), the deciding official issued a final decision on March 18, 2003, sustaining all the charges and removing Whiteley from federal service in order to promote the efficiency of the service.

Whiteley appealed to the Board. The administrative judge issued an initial decision on March 10, 2004, sustaining all of the specifications described above. The administrative judge found a nexus between the conduct and the efficiency of the service. The administrative judge also found that the deciding official "considered

04-3408                                    3

relevant mitigating and aggravating factors" and "that the removal penalty was within the range of reasonable penalties." Whiteley v. Dep't of Justice, No. DA-0752-03-0349-I-1, slip op. at 16 (M.S.P.B. Mar. 10, 2004).

The full Board denied Whiteley's petition for review. We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of the Board is limited. The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Whiteley only seeks review of the Board's decision as it pertains to the charges of conduct unbecoming and use of poor judgment. Therefore, we do not address the charges of misuse of official position/identification and willful misuse of a government owned vehicle. Whiteley argues that because the charges of conduct unbecoming and poor judgment were the most serious, and those charges were not properly sustained, we should remand to the Board for consideration of a penalty short of removal.

We affirm the Board's decision regarding the charge of conduct unbecoming. Whiteley first argues that the administrative judge improperly relied on hearsay evidence in sustaining the charge. The administrative judge relied on the written statement of Ray; however, neither party called Ray as a witness. We have previously held that "hearsay evidence is admissible and may be sufficient in board proceedings." Campbell v. Dep't of Transp., FAA, 735 F.2d 497, 502 (Fed. Cir. 1984). Indeed,

04-3408                                            4

"hearsay evidence may be used in Board proceedings and may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." Kewley v. Dep't of Health and Human Servs., 153 F.3d 1357, 1364 (Fed. Cir. 1998). Reliance on hearsay evidence by the administrative judge here was proper. Ray's signed, written statement was made to agency investigators under oath. The administrative judge also found her testimony consistent with the record. There is no inconsistency with the Board's decisions as to when hearsay may be relied upon by the Board. See Borninkhof v. Dep't of Justice, 5 M.S.P.R. 77, 83-87 (1981).

Second, Whiteley argues that the administrative judge erred in finding Whiteley's testimony not credible and finding Ray's version credible. Whiteley specifically complains that the administrative judge relied on evidence of Whiteley's lack of self-control in finding his version of the events concerning the domestic dispute not credible. The administrative judge's reliance on that evidence was not in error. Whiteley's own testimony establishes his lack of self-control on previous occasions. That evidence may be considered to corroborate Ray's version of the events, which suggested that the injuries she sustained during the domestic dispute with Whiteley were not inflicted by accident. Fed. R. Evid. 404(b); see 1 Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 404.02[12] & n.36 (8th ed. 2002). In this sense the evidence bears on the relative credibility of Ray's and Whiteley's accounts of the dispute, as the administrative judge found.

Whiteley also agues that the poor judgment charge cannot be sustained. This charge stems from Whiteley's continued contact with Ray after his supervisors told him

to cease contact with her. Whitely argues that the charge is based on the violation of an "order" that the agency did not have the authority to issue. In Whiteley's view, his supervisors had no authority to order him to cease a personal relationship that was not inherently improper. We need not reach the poor judgment charge because it is clear that the agency would have removed Whiteley based on the charges of conduct unbecoming, willful misuse of a government owned vehicle, and misuse of official position/identification alone.

"When the most serious charges or a majority of the charges have been invalidated, it may be appropriate for us to vacate the penalty and remand for reconsideration of the penalty in light of the significant change in the number and seriousness of the sustained charges." Hathaway v. Dep't of Justice, 384 F.3d 1342, 1353 (Fed. Cir. 2004) (quotations and alterations omitted). The conduct unbecoming charge was inherently more serious than the poor judgment charge. Neither the agency nor the administrative judge considered Whiteley's actions to constitute insubordination or even disregarding supervisory instructions. We see nothing in the agency's decision to suggest it found the poor judgment charge to be the most serious. Accordingly, we do not reach the merits of the poor judgment charge; no remand would be needed even if the poor judgment charge were not sustained.

Finally, Whiteley argues that, even if all charges were sustained, the Board erred in sustaining the agency's selection of removal as an appropriate penalty. He argues in particular that the Board erroneously relied on evidence of his previous referral for counseling as an aggravating factor to find that he was an unlikely candidate for rehabilitation. In the context of the administrative judge's overall decision, the reliance

on the referral for counseling, even if improper, was harmless error, <u>Luongo v. Dep't of Justice</u>, 95 M.S.P.R. 643, 649 n.2 (2004), particularly since information disclosed by the employee in the course of the Employee Assistance Program ("EAP") counseling itself was not revealed or relied on by the administrative judge. <u>Cf.</u> <u>Herman v. Dep't of Justice</u>, 193 F.3d 1375, 1380 (Fed. Cir. 1999) (finding phone records of calls to EAP not protected as confidential). "The choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." <u>Guise v. Dep't of Justice</u>, 330 F.3d 1376, 1382 (Fed. Cir. 2003). We discern no error in the Board's review of the agency's decision to remove Whiteley based on the charged misconduct.

We have considered Whiteley's other arguments and find them to be without merit.

CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

COSTS

No costs.