NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3202

PAULETTE P. WRIGHT,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:  December 8, 2005

_____

Before MAYER, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) sustained the Department of Veterans Affairs (DVA) removal of Paulette Wright, a former Clinical Dietitian. Wright v. Dep't of Veterans Affairs, No. NY-0752-04-0201-I-1 (M.S.P.B. Apr. 27, 2005) (Final Decision).  This court affirms.

## DISCUSSION

### I.

The DVA removed Ms. Wright from her position based on eight charges, including failure to respond to pager and phone and failure to follow a supervisor's instructions.  Ms. Wright was also accused of blatantly inappropriate and disrespectful conduct.

Following a hearing, the administrative judge rejected Ms. Wright's defenses of harmful procedural error and retaliation. The judge then sustained all but one of the charges. Wright v. Dep't of Veterans Affairs, No. NY-0752-04-0201-I-1 (M.S.P.B. Jul. 26, 2004) (Initial Decision). The Board denied Ms. Wright's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

II.

This court affirms the Board's decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or unsupported by substantial evidence. Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Ms. Wright asserts that the administrative judge wrongfully excluded the testimony of certain "important" witnesses. The administrative judge did approve four of appellant's witnesses, but held that Ms. Wright did not show that the additional proposed witnesses were relevant. In any case, "[a] determination to allow or exclude witness testimony is within the sound discretion of the administrative judge." Guise v. Dep't of Justice, 330 F.3d 1376, 1379 (Fed. Cir. 2003). Ms. Wright has not presented any new evidence here to show the relevance of the disputed witnesses. The record does not show that the administrative judge abused his discretion.

Ms. Wright also contends that substantial evidence does not support the Board's decision. The administrative judge credited the uncontradicted testimony

of a number of witnesses with respect to critical events. An administrative judge's credibility determinations are virtually unreviewable. See <u>Frey v. U.S. Dep't of Labor</u>, 359 F.3d 1355, 1361 (Fed. Cir. 2004). Thus, this court has no reason to disturb these credibility determinations.

Further, the Board did not err in rejecting Ms. Wright's affirmative defense of retaliation. The administrative judge found that, on balance, Ms. Wright's misconduct, not her protected EEO activity, was the motivation for the agency's action. Therefore, there was no genuine nexus between the alleged retaliation and the adverse action. <u>See</u> <u>Warren v. Dep't. of Army</u>, 804 F.2d 654, 656 (Fed. Cir. 1986). On this record we shall not disturb this finding.

Finally, the Board did not err in rejecting Ms. Wright's affirmative defense based on an applicable collective bargaining agreement. Ms. Wright argued that the agreement required further inquiry into certain of the charges and more levels of progressive discipline before her removal. The administrative judge found no evidence that the agreement's provisions were violated, and none that any violation would have had a harmful effect. This court perceives no reversible error.

For the forgoing reasons, the final decision of the Board is affirmed.