NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3147

GARY B. LAIR,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

<u>Ronald H. Tomkin</u>, of Houston, Texas, argued for petitioner.

<u>A. Bondurant Eley</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With her on the brief were <u>Peter D. Keisler</u>, Acting Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Todd M. Hughes</u>, Deputy Director. Of counsel on the brief was <u>Thomas F. Muther, Jr.</u>, Deputy Chief Counsel, United Stated Immigration and Customs Enforcement, of Las Vegas, Nevada.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3147

GARY B. LAIR,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

---

DECIDED: December 14, 2007

---

Before SCHALL and MOORE, <u>Circuit Judges</u>, and MORAN, <u>Senior District Judge</u>.[*]

SCHALL, <u>Circuit Judge</u>.

DECISION

Gary B. Lair was employed as a Senior Special Agent by U.S. Immigration and Customs Enforcement ("agency"), a component of the Department of Homeland Security. In this appeal, he petitions for review of the final decision of the Merit Systems

---

[*] Honorable James B. Moran, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

Protection Board ("Board") that sustained the action of the agency removing him from his position. Lair v. Dep't of Homeland Sec., No. DC-0752-06-0563-I-1 (M.S.P.B. Jan. 30, 2007) ("Final Decision"). We affirm.

DISCUSSION

I.

Mr. Lair was removed from his position based upon (i) the charge that he used his position of authority for other than official purposes and (ii) the charge of misrepresentation. The first charge contained the following specifications: (1) that Mr. Lair contacted officers of U.S. Customs and Border Protection and interjected himself into their investigation of the immigration status of Nelly Rivero, a Venezuelan national; (2) that, without an official basis for doing so, he wrote U.S. Citizenship and Immigration Services ("CIS") requesting that Ms. Rivero be given a six-month extension of her visa; and (3) that, on two separate occasions, he employed Ms. Rivero, who was not legally allowed to work in the United States. The charge of misrepresentation was based on the allegation that when Mr. Lair wrote CIS requesting an extension of Ms. Rivero's visa, he falsely stated that Ms. Rivero was his wife's cousin.

Mr. Lair appealed his removal to the Board. Following a hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which he found that the agency had proved the charges against Mr. Lair by a preponderance of the evidence, that the penalty of removal was reasonable, and that it promoted the efficiency of the service. See generally Lair v. Dep't of Homeland Sec., No. DC-0752-06-0563-I-1 (M.S.P.B. Oct. 31, 2006) ("Initial Decision"). The AJ therefore sustained the agency's action. Id. at 14. The Initial Decision became the final decision

of the Board when the Board denied Mr. Lair's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision at 2. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed.Cir. 1998).

On appeal, Mr. Lair argues that the AJ abused his discretion in not allowing William A. Merchant, a witness proffered by Mr. Lair, to testify. According to Mr. Lair, Mr. Merchant would have testified as an expert witness concerning the procedures of CIS (presumably in connection with specification 2 of the abuse of position/authority charge). Mr. Lair states that Mr. Merchant also would have testified as to conversations with Mr. Lair and his wife regarding Ms. Rivero and as to Mr. Lair's reputation for truthfulness and integrity. Mr. Lair also argues that the AJ erred in not allowing his counsel to cross-examine the agency's deciding official on the Douglas factors, see generally Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981), and in relying on contradictory written statements of Ms. Rivero relating to whether she had worked for Mr. Lair. In addition, Mr. Lair contends that the AJ's finding that the agency had proved the charges against him by a preponderance of the evidence is not supported by

substantial evidence. Finally, Mr. Lair argues that the AJ was biased against him and should have recused himself from the appeal. We address these contentions in turn.

III.

We review the AJ's decision to exclude the testimony of Mr. Merchant for an abuse of discretion. See Guise v. Dep't of Justice, 330 F.3d 1376, 1379 (Fed.Cir. 2003). Turning to Mr. Lair's arguments concerning Mr. Merchant's testimony, the procedures of CIS were not an issue in the case, so no testimony in that regard was necessary. At the same time, there was no reason for the AJ to receive testimony from Mr. Merchant concerning conversations he had with Mr. Lair and his wife and concerning Mr. Lair's reputation. Aside from the fact that conversations between Mr. Merchant and the Lairs were not relevant, both Mr. and Mrs. Lair testified at the hearing. Under these circumstances, the AJ was in the best position to judge their credibility.

Neither did the AJ abuse his discretion in connection with the testimony of the agency's deciding official. The record reveals no denial of necessary latitude in connection with the questioning of the deciding official by Mr. Lair's counsel. An AJ possesses significant discretion to determine what evidence he or she will permit to be presented. See Lowder v. Dep't of Homeland Sec., 504 F.3d 1378, 1383 (Fed. Cir. 2007). Here, the AJ acted well within his discretion in limiting the scope of cross-examination of the deciding official.

At the same time, we see no error with regard to the admission of Ms. Rivero's statements. The AJ admitted hearsay testimony contained in a sworn declaration by Ms. Rivero after having heard testimony from two witnesses to the declaration who asserted that Ms. Rivero appeared confident and credible when making the declaration,

notwithstanding the fact that the sworn declaration contradicted an earlier unsworn statement she had given in which she denied ever having been employed by Mr. Lair. Initial Decision at 7–8. Mr. Lair faults the AJ's decision to credit the sworn statement over the earlier unsworn statement in view of the fact that, in the sworn statement, Ms. Rivero contradicted her earlier unsworn statement that she had not worked for Mr. Lair. Credibility determinations are virtually unreviewable on appeal, however, Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004), and we see no error in the AJ's determination that a sworn statement supported by two witnesses is more credible than an earlier unsworn statement.

Finally, having reviewed the record, we conclude that substantial evidence supports the AJ's finding that the agency met its burden of proving the charges against Mr. Lair by a preponderance of the evidence.

Turning to Mr. Lair's argument that the AJ was biased against him and should have recused himself from the appeal, the record reflects that Mr. Lair filed a motion asking the AJ to recuse himself following the prehearing conference. According to Mr. Lair, at the conference, the AJ demonstrated bias against him. Specifically, Mr. Lair asserts that the AJ prejudged the merits of the suit and strongly emphasized the unlikelihood of Mr. Lair's prevailing at the hearing, using words like "ridiculous" to describe Mr. Lair's contentions and stating that Mr. Lair was "not telling the truth" and should not "expect a good result." Mr. Lair also asserts that the AJ's deciding certain evidentiary issues against him evinces improper bias. In denying Mr. Lair's recusal motion, the AJ denied having prejudged the case or having exhibited overt bias. In his ruling, the AJ asserted that Mr. Lair "blatantly misrepresent[ed] and mischaracterize[d]

statements allegedly made . . . during the prehearing teleconference," and noted that he (the AJ) had acted within his rights in honestly apprising the parties of their chances of success on the merits. <u>See generally</u> <u>Lair v. Dep't of Homeland Sec.</u>, No. DC-0752-06-0563-I-1 (M.S.P.B. Sep. 7, 2006). No record was made of what was said at the prehearing conference.

On the record before us, we have no basis to conclude that the AJ should have recused himself from Mr. Lair's appeal. In the context of discussing possible settlement, it was not inappropriate for the AJ to indicate his view of the merits of Mr. Lair's case. That said, this case provides us with an opportunity to note that the Board's AJs should at all times conduct proceedings in a manner that does not in any way give rise to an appearance of hostility to an appellant's case.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.