NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER A. BENTON-EL,**
*Petitioner,*

v.

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2011-3117

---

Petition for review of the Merit Systems Protection Board in case no. AT0752090709-I-2.

---

Decided: February 10, 2012

---

CHRISTOPHER A. BENTON-EL, of College Park, Georgia, pro se.

SARAH M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before LOURIE, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Christopher A. Benton-El ("Benton-El") appeals from the final decision of the Merit Systems Protection Board ("the Board"). *Benton-El v. Dep't of the Air Force*, No. AT-0752-09-0709-I-2 (M.S.P.B. Feb. 24, 2011). In its decision, the Board denied review of the initial decision of the Administrative Judge ("AJ") which affirmed Benton-El's removal from the Federal service based on a charge of misconduct. We *affirm*.

## BACKGROUND

Benton-El was employed as a Contract Specialist in the Department of the Air Force ("Air Force") from 1985 to 2009. On February 4, 2009, while employed in the Air Force, Benton-El was convicted of 23 counts of "Unlawful Recording of Recorded Material" in the Superior Court of Houston County, Georgia, and sentenced to one year of confinement. On April 24, 2009, the Air Force sent Benton-El a notice of decision to remove him from service effective May 8, 2009. His removal was based on a charge of off-duty misconduct predicated on his convictions.

Benton-El appealed his removal to the Board. On April 22, 2010, the AJ ordered Benton-El to file a statement of any affirmative defenses by May 14, 2010; however, Benton-El failed to file such a statement. On June 18, 2010, the AJ held a hearing on Benton-El's appeal. During the hearing, Colonel Stephen J. Niemantsverdriet, Benton-El's commanding officer who had signed Benton-El's notice of removal, and Mr. Wiley Baxter, an Employee Relations Specialist for the Air Force, were called as witnesses for the agency. During Benton-El's cross-examination of Mr. Baxter, the AJ refused to allow Benton-El to question the witness as to whether Colonel

Niemantsverdriet himself made the decision to remove Benton-El. The ground was that Benton-El had failed to raise a harmful error affirmative defense by the previously set May 14 deadline. On June 25, 2010, the AJ issued an initial decision affirming Benton-El's removal from the Air Force. The AJ indicated that he found Colonel Niemantsverdriet's testimony credible to establish that the Air Force had considered the relevant factors and exercised management discretion within tolerable limits of reasonableness.

Benton-El petitioned the Board for review of the AJ's initial decision, alleging, *inter alia*, that the AJ improperly refused to allow him to question Mr. Baxter as to who ultimately made the removal decision. On February 24, 2011, the Board denied Benton-El's petition for review, concluding that there was no new, previously unavailable evidence, and that the AJ made no error in law or regulation which would affect the outcome of the decision. Additionally, the Board found that the AJ limited Benton-El's cross-examination of Mr. Baxter because Benton-El had failed to raise an allegation of harmful error by the deadline set for raising issues, and he was therefore precluded from raising a harmful error claim before the AJ. Accordingly, the Board found no error in the AJ's decision to limit the testimony of Mr. Baxter. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial

evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). "A determination to allow or exclude witness testimony is within the sound discretion of the administrative judge." *Guise v. Dep't of Justice*, 330 F.3d 1376, 1379 (Fed. Cir. 2003). Thus, we review evidentiary rulings by the AJ for abuse of discretion and will reverse only if the petitioner can "prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1379 (Fed. Cir. 1988).

The AJ excluded testimony as to which person within the agency made the final decision to remove Benton-El from the Air Force. *See* Hearing at 37:38, *Benton-El v. Dep't of the Air Force*, No. AT-0752-09-0709-I-2 (M.S.P.B. June 18, 2010). Benton-El does not challenge this aspect of the AJ's evidentiary ruling, which was the only evidentiary ruling considered by the full Board. Instead, Benton-El alleges that the Board erred in rejecting his challenge to the AJ's decision to limit other portions of the testimony of Mr. Baxter. Specifically, he argues that the AJ excluded testimony showing that the Air Force failed to follow its own procedures in deciding on his removal because it failed to consider all of the relevant *Douglas* factors, *see Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305-06 (M.S.P.B. 1981), set forth in Air Force Instruction 36-704, paragraph 32.2. Benton-El alleges that the AJ excluded testimony that the Air Force failed to consider any alternative sanctions to removal (*Douglas* factor 12) and that not all employees who have been convicted of a crime are terminated (*Douglas* factor 6). Unfortunately, the agency does not address this aspect of Benton-El's argument on appeal. Nonetheless, we find no error in the Board's decision.

A review of the record reveals that the AJ did not limit testimony relating to whether the agency considered the relevant *Douglas* factors. In fact, Benton-El cross-examined Colonel Niemantsverdriet, the deciding official, at length as to his consideration of each of the relevant *Douglas* factors and he testified about his determinations as to each factor. *See* Hearing at 55:53, *Benton-El*, No. AT-0752-09-0709-I-2. Additionally, Benton-El was allowed to cross-examine Mr. Baxter on his consideration of relevant *Douglas* factors, and the AJ admitted and considered Mr. Baxter's testimony that he did not consider any alternative sanctions to removal. *See id.* at 31:10. Benton-El was also allowed to question Mr. Baxter as to the disparate treatment issue. Mr. Baxter specifically testified that he did not recall any situations where he recommended an alternative sanction for an employee who had been sentenced to prison. *See id.* at 28:33. The AJ did not exclude this testimony. Because the AJ did not in fact bar the testimony in question, we find no error in the Board's decision.

COSTS

No costs.