NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH D. BLAND,**
*Petitioner*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2016-1569

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-13-0078-I-1.

---

Decided: June 14, 2016

---

KENNETH D. BLAND, Kansas City, MO, pro se.

JOSHUA SCHNELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.; HARRY B. MALLIN, Office of the General Counsel, United States Department of Health and Human Services, Kansas City, MO.

---

Before LOURIE, DYK, and STOLL, *Circuit Judges*.

PER CURIAM.

Kenneth D. Bland ("Bland") appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming his removal from employment. *See Bland v. Dep't of Health & Human Servs.*, No. CH-0752-13-0078-I-1 (M.S.P.B. Feb. 7, 2014) ("*Final Order*"); *Bland v. Dep't of Health & Human Servs.*, No. CH-0752-13-0078-I-1 (M.S.P.B. Feb. 1, 2013) ("*Initial Decision*"). Because the Board did not err in denying the petition for review and in affirming the initial decision, we *affirm*.

## BACKGROUND

Bland was employed beginning in 2002 as a chemist by the Kansas City District Laboratory of the Department of Health and Human Services, Food and Drug Administration ("FDA" or "the agency"). Pet'r's Informal Br. 1. In 2005, the agency imposed a five-day suspension on Bland for misconduct unrelated to the current appeal, but that involved misrepresentation and providing inaccurate information. Resp't's App. ("R.A.") 47.

Bland was later prescribed narcotic medication for an injury, and he became addicted to prescription drugs. Pet'r's Informal Br. 1. In July 2009, Bland presented an altered prescription for a prescription-only drug at a pharmacy. He was subsequently arrested at work in November 2009, and convicted of "unlawfully obtaining and distributing a prescription-only drug," a misdemeanor under Kansas state law, on September 7, 2010. *Initial Decision* at 2; R.A. 40.

On September 22, 2010, the agency issued a notice of proposed removal detailing two charges: conduct prejudicial to the best interest of the service, and lack of candor relating to that conduct. R.A. 18. The notice contained background facts, the specifications supporting the charg-

es, and an analysis of factors considered in proposing the penalty. R.A. 18–21. The notice also stated that the conviction would result in the removal of his security clearance, an aggravating factor affecting his inability to perform his assigned duties. R.A. 20–21. Ostensibly, the security clearance was not a requirement for Bland's position as a chemist generally, but it was a requirement for his access to certain chemicals in a certain laboratory group.

After Bland's response, the agency issued a removal notice on November 10, 2010, based on the charge of conduct prejudicial to the best interest of the service. R.A. 39. The deciding official found that Bland's conduct not only violated a federal regulation requiring FDA employees to be "persons of integrity and observe the highest standards of conduct," but also "directly detracted from the Agency's image and reputation." R.A. 40. The official noted that his misdemeanor conviction resulted in the removal of his security clearance, which prevented him from performing his assigned job duties. R.A. 42. Moreover, other aspects of Bland's position required credibility, leadership, and integrity allowing independence from constant oversight. R.A. 42–43. Because the misconduct involved misrepresentation and willfully tendering a falsified document, the official found a nexus between the misconduct and his ability to perform his position. *See* R.A. 42, 43, 45, 47. The official specifically found that the offense related to his "reliability, veracity, trustworthiness, and ethical conduct." R.A. 47. The official analyzed the *Douglas* factors at length and determined that removal was the appropriate penalty for Bland's second incident of misconduct involving misrepresentation. R.A. 42–47; *see Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981). The removal became effective on November 20, 2010.

Bland appealed the removal to the Board. An administrative judge ("AJ") issued an initial decision on Febru-

ary 1, 2013, finding that the agency did not abuse its discretion in removing Bland, thus affirming the removal action. The AJ found that the misdemeanor conviction supported the charge that Bland engaged in conduct "prejudicial to the best interest of the service." *Initial Decision* at 2. The AJ also found a nexus between the charge and the efficiency of the service because the conviction impaired Bland's ability to perform his job duties and resulted in the loss of the agency's trust and confidence in his ability to perform his duties. *Id.* at 3.

Bland's petition for review to the full Board was denied. The full Board found that, rather than improperly implying that Bland was convicted of a drug-related offense, the AJ correctly cited the title of the statute under which Bland was convicted as "unlawfully obtaining and distributing a prescription-only drug." *Final Decision* at 3. The Board then considered the AJ's finding of nexus between Bland's off-duty conduct and the efficiency of the service. The Board noted that the misconduct affected Bland's job performance because it (1) "impaired his ability to testify as a credible witness," (2) resulted in the termination of his security clearance, (3) "was potentially damaging to the agency's reputation because it was publicly known," and (4) "caused the agency to lose trust and confidence in allowing him continued access to toxic chemicals." *Id.* at 3–4. The Board also rejected Bland's argument that his 2005 suspension was improperly considered, because the 2010 proposed removal notice stated that it would be considered and there was no evidence that the prior disciplinary action was clearly erroneous. *Id.* at 4. Noting the deference afforded to an agency in imposing penalties, the Board found that the agency weighed the relevant factors and that the penalty of removal was within the bounds of reasonableness for the particular misconduct. *Id.* at 5. In a footnote, the Board noted Bland's assertion that the proper procedures for terminating his security clearance

were not followed, but declined to consider the argument raised for the first time on appeal. *Id.* at 5 n.3. The full Board thus affirmed the AJ's initial decision affirming the agency's removal action.

Bland appealed from the Board's final decision to the United States District Court for the Western District of Missouri, which determined that it lacked subject matter jurisdiction over the claim and transferred it to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the decision of the Board unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "The choice of penalty is committed to the sound discretion of the employing agency and will not be overturned unless the agency's choice of penalty is wholly unwarranted in light of all the relevant factors." *Guise v. Dep't of Justice*, 330 F.3d 1376, 1382 (Fed. Cir. 2003) (citing *Lachance v. Devall*, 178 F.3d 1246, 1251 (Fed. Cir. 1999); *Douglas v. Veterans Admin.*, 5 M.S.P.B. 313 (1981) (setting forth generally recognized relevant factors)).

Bland argues that his removal was based on incorrect and misleading allegations by the agency. Bland claims that his special security clearance was not revoked as a consequence of his conviction by the issuing agencies, the Department of Justice and the Centers for Disease Control, but rather that his clearance was removed at his FDA supervisor's request. Bland also faults the agency for not providing him with an opportunity to appeal the revocation of his clearance. Moreover, Bland asserts that he was not provided with the opportunity for a last chance agreement, despite an Instruction regarding corrective actions in the Human Resources Manual stating that the

agency would not initiate disciplinary action in response to an admission of drug use, and the fact that Bland voluntarily entered a counseling and rehabilitation program. Bland insists that his conviction was for a non-drug offense, possession of an altered prescription, and therefore that the agency's reliance on his "conviction of a drug charge" was flawed.

The government responds that Bland appears to challenge only procedural aspects of the removal penalty, not the Board's holdings on nexus and prior misconduct. Because Bland's arguments challenging the propriety of the removal procedures were not raised before the AJ, the government contends that those arguments have been waived. Even if the arguments were not waived, the government counters that the Board could not review the merits of a security clearance revocation in the context of considering a removal decision. The government also argues that the Instruction provided non-binding guidelines and thus that the deciding official had discretion to deviate from the table of suggested penalties. The government further asserts that the Board correctly concluded that the removal decision accurately described Bland's conviction; although Bland asserts that he was neither charged nor convicted of a drug offense, the government maintains that he was convicted of a "prescription-drug offense" involving a controlled substance.

We agree with the government that the Board did not err in affirming the agency's removal action. Although removal is a harsh penalty, agencies are given deference in their penalty determinations if based on a consideration of the relevant factors and within the tolerable limits of reasonableness. *See Douglas*, 5 M.S.P.B. at 329. The evidence in the record before us provides sufficient support for the Board's affirmance of the agency's removal action.

We agree with the government that Bland has waived his challenge to the security clearance revocation. And we do not accept Bland's characterization of his conviction as of a "non-drug" nature; the Kansas State Legislature categorizes the offense as a crime involving controlled substances. *See* Kan. Stat. Ann. § 21-36a08 (2010) (transferred to Kan. Stat. Ann. § 21-5708 (2012)). Regardless, Bland was convicted of a crime not only involving a controlled substance, but also implicating misrepresentation and willful tendering of falsified documents. The agency's rationale for the removal penalty emphasizes the loss of credibility and trustworthiness that stemmed from the misconduct, not from the mere fact that his actions in some way dealt with a controlled substance. That being said, the fact that the crime Bland was convicted of involved a controlled substance is no minor detail; his position as a chemist in a laboratory requiring special security clearance provided "unfettered access to chemicals," which the agency found to be problematic in light of the drug charge.

Moreover, to the extent that Bland is arguing the disproportionality or unreasonableness of the removal penalty with respect to his misconduct, the agency initiated disciplinary action as the result of a criminal conviction that involved misrepresentation, not as the result of simple identification of Bland's drug use problem. Because this was his second disciplinary action involving misrepresentation, the evidence supports the conclusion that removal was not an excessive penalty. We also note that the agency's Instruction regarding corrective action plainly does not mandate a last chance agreement in every case of removal. Accordingly, Bland failed to show that the agency's removal action was not supported by substantial evidence or that the Board committed reversible error.

CONCLUSION

We have considered Bland's remaining arguments and find them unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.