NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ISAAC NATHANIEL MCPHERSON,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

_____

2018-2218

_____

Petition for review of the Merit Systems Protection Board in No. DA-1221-17-0462-W-1.

_____

Decided: April 4, 2019

_____

ISAAC NATHANIEL MCPHERSON, Spanish Fort, AL, pro se.

JOHN S. GROAT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before DYK, MAYER, and BRYSON, *Circuit Judges.*

Per Curiam.

Isaac McPherson petitions for review of a decision of the Merit Systems Protection Board ("Board") holding that the Transportation Security Administration ("TSA") did not unlawfully terminate him. We *affirm*.

## Background

In 2016, TSA hired McPherson to be a Transportation Security Officer at New Orleans International Airport. Transportation Security Officers screen passengers and their luggage at security checkpoints. The first two years that an employee works for TSA are considered a trial period during which TSA can evaluate the employee's performance and conduct.

McPherson's trial period was turbulent. The central incident occurred on March 2, 2017. That day, another officer was screening passengers while coaching two trainees near McPherson. McPherson told the officer that she was not following proper procedures, which led to an argument. When other officers approached, McPherson told them to pay attention to their own duties. Having overheard the argument, a manager came over and told McPherson to calm down.

Three other incidents are also relevant. In December 2016, McPherson raised his voice at a supervisor when he requested to take a break. In February 2017, a training specialist approached McPherson about the way he set up his x-ray monitors. McPherson responded rudely and raised his voice. Finally, in April 2017, a passenger complained that McPherson had yelled at him and acted rudely.

During this time, McPherson held a leadership position in his union, the American Federation of Government Employees. In April 2017, he met with a supervisor to discuss ways in which he believed TSA was failing to comply with its collective bargaining agreement with the union, such as

neglecting to provide adequate facilities for nursing mothers and routinely monitor radiation levels of TSA equipment.

By a letter dated May 17, 2017, TSA informed McPherson that he would be terminated because of his discourteous conduct described above.

Following his termination, McPherson filed a complaint with the Office of Special Counsel, alleging in pertinent part that TSA improperly terminated him in retaliation for making protected disclosures. When that office declined to seek corrective action, McPherson appealed to the Board.

After a hearing, the administrative judge ("AJ") issued a detailed opinion. The AJ concluded that McPherson had made protected disclosures and that they were a contributing factor in TSA's termination decision. However, the AJ concluded that TSA had established that it would have terminated McPherson absent those disclosures.

McPherson did not seek review from the full Board, but instead timely filed a petition for review in our court. The AJ's decision became the decision of the Board. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited to whether the decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Because Transportation Security Officers are not considered "employees" as defined by 5 U.S.C. § 7511(a), they do not have a general right to appeal an adverse personnel action to the Board under 5 U.S.C. § 7513. However, they may file a so-called "individual right of action" ("IRA") appeal to challenge a personnel

action in retaliation for whistleblowing. 5 U.S.C. §§ 1221(a), 2302(b)(8).

Agencies may not terminate (or take other adverse personnel action against) an employee in retaliation for "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences . . . a violation of any law, rule, or regulation." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1311 (Fed. Cir. 2010) (alteration in original) (quoting 5 U.S.C. § 2302(b)(8)(A)). Here, the Board determined that McPherson made a protected disclosure and that this was a contributing factor in his removal.

However, the Board concluded that TSA established "by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." 5 U.S.C. § 1221(e)(2); *see Siler v. EPA*, 908 F.3d 1291, 1298 (Fed. Cir. 2018). In evaluating whether the agency would have taken the same action absent the protected disclosure, the Board considers the non-exclusive *Carr* factors: (1) "the strength of the agency's evidence in support of its personnel action"; (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision"; and (3) "any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Here, the Board evaluated the *Carr* factors and concluded that given the multiple instances of rude and discourteous conduct by McPherson, which were corroborated by multiple witnesses, TSA had proven that it would have terminated him even absent the disclosures.

McPherson's arguments on appeal are largely disagreements with the Board's factual determinations. For example, McPherson contends that the Board failed to consider that (1) TSA did not take disciplinary action against

similarly situated individuals who were not whistleblowers, (2) McPherson was the chief union steward and addressing concerns with management was not disrespectful, and (3) TSA management gave inconsistent testimony. But the Board addressed each of these contentions and explained in considerable detail why it rejected these claims. We conclude that the Board's findings were supported by substantial evidence.

McPherson also argues that the Board erred by denying him the opportunity to re-cross examine certain witnesses and by refusing to allow additional witness testimony. We have previously stated that the "determination to allow or exclude witness testimony is within the sound discretion of the administrative judge." *Guise v. Dep't of Justice*, 330 F.3d 1376, 1379 (Fed. Cir. 2003). Here, the Board considered in-depth testimony from numerous witnesses regarding each event relevant to this case. The Board was therefore well within its discretion to limit additional witness examination and testimony.

Finally, McPherson contends that the Board was biased against him, but he has not satisfied the high standard for showing bias based on a judge's conduct in the course of a proceeding. *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002).

## AFFIRMED

### COSTS

No costs.