NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2010-3151

---

Petition for review of the Merit Systems Protection Board in NY4324090228-I-1.

---

Decided: January 13, 2011

---

RICHARD A. BECKER, of Coram, New York, pro se.

SCOTT A. MACGRIFF, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director.

---

Before BRYSON, GAJARSA, and MOORE, *Circuit Judges.*

PER CURIAM.

## DECISION

Richard A. Becker appeals from a decision of the Merit Systems Protection Board denying his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). We affirm.

## BACKGROUND

Mr. Becker, a U.S. Army veteran, holds the position of Nursing Assistant, GS-5, in the Department of Veterans Affairs ("DVA"). He applied for the position of Administrative Support Assistant, GS-6, but that position was offered to a non-veteran employee. Mr. Becker filed a USERRA complaint with the Board claiming that he was discriminated against in the selection process because he is a veteran.

In response to Mr. Becker's complaint, the DVA asserted that Mr. Becker was not selected because he did not meet the specialized experience requirements for the position. The vacancy announcement stated that applicants needed one year of specialized experience, including "skill in typing and transcribing a wide variety of material" and performance of "office automation duties using software applications to perform appointment scheduling, calendar, and spreadsheets to gather pertinent data."

The DVA submitted the declaration of Virginia Cassolino, a Human Resources specialist, who had reviewed the applications for the position and had qualified candidates for interview referrals. She stated that of the 27 applicants for the position, she had qualified 19 for interviews

and had rated seven as best qualified. In her declaration, Ms. Cassolino stated that she did not submit Mr. Becker's name for an interview because he lacked the specialized experience required for the position and thus was not found qualified.

In his submission to the administrative judge, Mr. Becker did not directly challenge Ms. Cassolino's conclusion as to his qualifications. Instead, he challenged the decisionmaking of agency officials such as Ms. Cassolino on the ground that, according to Mr. Becker, they were non-veterans and promoted only non-veterans. He also asserted that in connection with prior applications for new positions, the chief of Human Resources, Ellen Foster, had informed the DVA interviewers that Mr. Becker was a veteran and had previously filed appeals with the Board.

Mr. Becker posed a list of discovery questions to the DVA seeking, *inter alia*, the qualifications and veteran status of those persons involved with the selection decision, including Ms. Cassolino and Ms. Foster. He also sought information regarding their involvement in other Board proceedings and in a previous claim of his before the Equal Employment Opportunity Commission ("EEOC"). In response, the DVA identified Ms. Cassolino as the person who qualified the candidates for selection and Dr. Patrick Massone as the selecting official. The response added that Ms. Cassolino had served as a technical adviser on previous Board cases; that Dr. Massone had not been not involved in any previous Board cases; and that neither had been involved with Mr. Becker's EEOC claim. The agency did not respond to Mr. Becker's request for information as to whether Ms. Foster had been involved with any of Mr. Becker's previous employment disputes, and it did not disclose the veteran status

of any of the officials who had been involved in the selection process. The agency also did not comply with Mr. Becker's demand that DVA officials state under oath that they had violated his privacy rights.

Dissatisfied with the DVA's response, Mr. Becker filed a motion to compel further discovery. The administrative judge granted his motion in part, ordering the DVA to supplement its responses in several respects. In compliance, the DVA set forth the requisite specialized experience that Mr. Becker was determined to be lacking—skill in typing and transcribing, and performance of office automation duties. The DVA also disclosed that the candidate who was selected for the position was not a veteran. Mr. Becker filed a request for the administrative judge to reconsider her order regarding discovery, in response to which she directed the DVA to disclose the veteran status of the 19 candidates that Ms. Cassolino had qualified for interviews and the seven candidates she had found to be best qualified. The DVA disclosed that of the 19 qualified candidates, four were veterans, and that of the seven best qualified candidates, one was a veteran. The administrative judge did not compel discovery with respect to Mr. Becker's other discovery demands.

The administrative judge then addressed the merits and denied Mr. Becker's USERRA claim based on his failure to show that his military service was a substantial or motivating factor behind Ms. Cassolino's decision not to qualify him for an interview. Mr. Becker then petitioned the full Board to review the administrative judge's discovery decisions. The Board noted that the administrative judge had granted Mr. Becker's requests for discovery in part and had twice directed the DVA to produce various items of discovery that Mr. Becker had requested relating to the selection process. The Board concluded that the

administrative judge had not abused her discretion in refusing to compel additional discovery, as the other discovery requests were not relevant to Mr. Becker's claim.  Mr. Becker then petitioned for review by this court.

## DISCUSSION

We review evidentiary and discovery rulings by a Board administrative judge for abuse of discretion and will reverse only if the petitioner can "prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1379 (Fed. Cir. 1988); *see also Guise v. Dep't of Justice*, 330 F.3d 1376, 1380 (Fed. Cir. 2003) (denial of an employee's request for discovery is not an abuse of discretion in the absence of "a sufficient showing of how the requested evidence would have supported his case").  In a USERRA case, the employee bears the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor in the adverse employment action.  *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).  The administrative judge correctly ruled that Mr. Becker failed to make such a showing, and we conclude that even if Mr. Becker had received the discovery he requested, he still would not have been able to show that his military service was a substantial or motivating factor in his non-selection.

The evidence showed that Mr. Becker lacked the specialized experience required by the position.  Mr. Becker did not timely dispute that the position required one year of experience developing skill in typing and performance

of office automation duties.[1]  He also did not dispute Ms. Cassolino's conclusion that he lacked the required experience.  He did not contend that the employee who was selected for the position lacked the required experience; in fact, the record contains substantial documentation showing that the selected employee possessed the requisite experience and skills.  Mr. Becker asserted that he had more seniority and education than the selected employee, but he did not explain how his seniority and experience related to the specific qualifications for the position in question.

Even if we assume that all the agency officials were non-veterans and that Ms. Foster was involved in Mr. Becker's previous appeals, the preponderance of the evidence would still show that Mr. Becker was not qualified for the position because he lacked the required experience.  Ms. Cassolino qualified other veterans for the interview, implying that something other than Mr. Becker's military service caused him not to be selected. The only evidence in the record supplying such an explanation points to Mr. Becker's lack of experience in typing.

As to Mr. Becker's allegations that both the administrative judge and the EEOC in prior proceedings had found that the DVA violated his privacy rights, he has failed to provide any support for those allegations in the record or explain their relevance to his USERRA claim. Mr. Becker cites to EEOC complaint No. 200H-0632-2007-102387, but in that case the EEOC found that Mr. Becker

---

[1]  For the first time in his petition for review to the full Board, Mr. Becker claimed that typing was a minor qualification for the position.  We will not evaluate that belated assertion, particularly in light of the vacancy announcement, which clearly stated that the position required one year of experience developing skill in typing.

had failed to prove he was subject to discrimination. *Richard A. Becker*, EEOC Appeal No. 0120082865, 2010 WL 1060100. Mr. Becker also points to the administrative judge's October 27, 2009, ruling in another Board case, but that ruling dismissed Mr. Becker's privacy claims on jurisdictional grounds. Neither of those rulings found any privacy violation, but even if such a violation had been found, Mr. Becker has failed to show why such a violation would be relevant to his non-selection for the position in this case. Because his requested discovery could not have changed the outcome of this case, we affirm the Board's decision. To the extent that his appeal is directed to the denial of relief on the merits, the Board was plainly correct in holding that Mr. Becker failed to establish a prima facie case of discrimination based on his status as a veteran.

No costs.

**AFFIRMED**