NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. BECKER,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3008

---

Petition for review of the Merit Systems Protection Board in case no. NY4324110071-I-1.

---

Decided: April 4, 2012

---

RICHARD A. BECKER, of Coram, New York, pro se.

AMANDA L. TANTUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before RADER, *Chief Judge*, LINN and WALLACH, *Circuit Judges*.

PER CURIAM.

Richard A. Becker ("Becker") appeals from a final decision of the Merit Systems Protection Board ("MSPB") denying his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). Because substantial evidence supports the MSPB's decision, this court affirms.

## BACKGROUND

Becker, a veteran, is a Nursing Assistant, GS-5, with the Department of Veterans Affairs ("VA"). He applied for the position of Financial Account Technician, GS-5/6, with the VA, but a non-veteran was selected for the position. Becker appealed the VA's employment decision to the MSPB alleging that he was more qualified than the selected candidate and that VA management is anti-veteran and had violated his rights under USERRA.

At the start of proceedings before the MSPB, the administrative judge requested the VA to furnish several pieces of information relevant to the VA's non-selection of Becker. The administrative judge also told Becker that he needed to show by a preponderance of the evidence that his military service was a motivating or substantial factor in the VA's adverse action. The administrative judge instructed him to submit any requests for discovery directly to the VA and to attempt to resolve discovery disputes before filing a motion to compel. Thereafter, on January 14, 2011, Becker submitted a request for discovery not to the VA, as instructed, but to the administrative judge, who again informed Becker that discovery requests must be made to the VA.

In due course, the administrative judge considered the record before her and found that the selected candidate had more medical billing experience than Becker and received a higher score in the interview. The administrative judge thus found ample basis for the VA's hiring decision. The administrative judge found no evidence to support the conclusion that Becker's military service was a factor in the VA's decision. The administrative judge accordingly denied Becker's claim. The MSPB denied Becker's petition for review of the administrative judge's decision, and the administrative judge's decision became the MSPB's final decision. Becker then petitioned this court for review. This court has jurisdiction under 28 U.S.C. § 1295(a).

## DISCUSSION

This court must affirm the decision of the MSPB unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1376 (Fed. Cir. 1988). Under the substantial evidence standard, this court reverses the MSPB's decision only "if it is not supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (internal quotation omitted). Under USERRA, the employee initially has the burden to show "by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action." *Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009); *see* 38 U.S.C. § 4311(c)(1).

Becker raises several arguments. Becker first argues that the MSPB failed to consider all of the facts or prop-

erly compare the qualifications of Becker and the selected applicant. There are two problems with this argument. First, regardless of how the facts were evaluated as to the respective qualifications of the candidates, Becker needed to show that his military service was a substantial factor in his non-selection to establish his USERRA claim. However, Becker failed to present any evidence that his military service played any role in the VA's selection decision. Initial Decision, *Becker v. Dep't of Veterans Affairs*, No. NY-4324-11-0071-I-1 (M.S.P.B. Apr. 12, 2011). Second, the standard of review applied by this court makes clear that the MSPB's decision need only be supported by substantial evidence when considering the record as a whole. *See* 5 U.S.C. § 7703(c). Here, there is no question that the record as a whole provided substantial evidence for the Board's decision, and there is no evidence to suggest that the MSPB failed to consider the record as a whole.

Becker next alleges that his privacy rights were violated in an unrelated matter. This argument has no merit because Becker fails to show how a prior privacy violation, even if it occurred, is relevant to his non-selection for the position at issue. *See Becker v. Dep't of Veterans Affairs*, 414 F. App'x. 274, 277-78 (Fed. Cir. 2011) (nonprecedential) (finding that Becker's allegations of prior privacy violations were not supported and were not shown to be relevant to his USERRA claim).

Becker also argues on appeal that the MSPB failed to consider the precedent established in *Staub v. Proctor Hospital*, 131 S. Ct. 1186 (2011), and *Erickson*. Neither of these cases, however, is apposite to the present case, and Becker has failed to show how they support his appeal.

Becker next asserts that the MSPB denied him discovery. The agency responds that Becker failed to properly

request discovery or compel discovery, and that Becker failed to show an abuse of discretion or that he was harmed by any denial of discovery. Procedural matters related to discovery are within the discretion of the MSPB. *Curtin*, 846 F.2d at 1378-79. This court will overturn discovery rulings only if the MSPB abused its discretion and the petitioner proves "the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* Becker fails to meet that burden. First, Becker has not shown that the MSPB denied him discovery, or that he took steps to compel the VA to provide him with discovery. Moreover, even if Becker had been denied discovery, he did not show that he was harmed or that any such denial affected the outcome of the case. This is particularly true here, given the fact that the administrative judge had before her all the relevant information she requested and received from the VA, including all "information pertinent to the appellant's non-selection for the position." Notice and Order, *Becker v. Dep't of Veterans Affairs*, No. NY-4324-11-0071-I-1 (M.S.P.B. Jan. 11, 2011).

Finally, Becker argues that the MSBP was biased against him. But here again, there is no evidence to substantiate this. Opinions of a judge based on facts from the record do not constitute bias "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002). Also, "judicial rulings alone almost never constitute a valid basis for a bias . . . motion." *Liteky*, 510 U.S. at 555.

CONCLUSION

For the foregoing reasons, the decision of the MSPB is affirmed.

**AFFIRMED**