NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AISHA TRIMBLE,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2023-1307

---

Petition for review of the Merit Systems Protection Board in No. DA-4324-22-0350-I-1.

---

Decided:  June 30, 2023

---

AISHA TRIMBLE, Dallas, TX, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before HUGHES, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Ms. Aisha Trimble appeals a decision from the Merit Systems Protection Board (MSPB) denying her request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Because the Board's conclusion is supported by substantial evidence, we affirm.

I

Ms. Trimble is a veteran who has service-connected disabilities rated at 30% or greater. In November 2021, she applied for an Executive Assistant position with the Board of Veterans Appeals (the agency). On November 16, 2021, the agency notified Ms. Trimble that it would "assess [her] qualifications based upon [her] resume, the responses [she] provided in the questionnaire, as well as all other materials requested in the job opportunity announcement." SAppx3.[1] On December 10, 2021, the agency notified Ms. Trimble that she had been referred to the hiring manager.

After accepting applications, the agency identified around 500 candidates, including about 92 individuals who were 30% or more disabled veterans. Six executives acted as the selecting officials and reviewed certificates of eligible candidates and applications. The selecting officials rated candidates as either meriting or not meriting an interview based on the candidates' ability or experience in four areas: (1) supporting a senior executive (or equivalent) in the Federal service; (2) overseeing or leading tasks or programs involving compliance with deadlines or organizational change; (3) working collaboratively with executives, peers, and subordinates; and (4) supporting operations in a judicial or quasi-judicial environment. One of the selecting officials listed Ms. Trimble as a "maybe" for an interview,

---

[1]    We use "SAppx" to refer to the appendix attached to the government's response brief, and "Appx" to refer to the appendix attached to Ms. Trimble's opening brief.

but she was not one of the 26 individuals ultimately interviewed.

Ms. Trimble was notified that she had not been selected for an Executive Assistant position on February 9, 2022. Of the six individuals given offers, this record indicates that four are veterans or have prior military service, and two of those veterans have service-connected disability ratings of at least 30%.

## II

This is the second of two related appeals from Ms. Trimble. On March 17, 2022, Ms. Trimble filed a complaint with the Department of Labor alleging a violation of her right to compete as a preference-eligible veteran. After the agency denied her claim, she filed two appeals with the Merit Systems Protection Board. The first sought corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). *See Trimble v. Dep't of Veterans Affs.*, 23-1306, slip op. (Fed. Cir. June 30, 2023) (per curiam). The second, which led to the current appeal, sought corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).

In the USERRA appeal, the Board held an evidentiary hearing over two days on October 19, 2022 and October 24, 2022. During the hearing, all six selecting officials testified for the agency. The Board summarized the relevant testimony in its final decision as follows:

> All the panelists testified the review process for the appellant was the same as the process for other candidates, including the selectee[s]. They all expressed favorable views of veterans in the workforce. Four of the panelists are veterans, two are disabled veterans, and both Human Resources personnel involved in this action are disabled veterans. Four of the selectees are veterans, and three are disabled veterans. Two of the selectees have

the same service-connected disability rating as the appellant.

Appx15. The Board found that the agency witnesses were credible "in their explanations of their selection decisions and denials of discriminatory animus." Appx15. The Board also credited at least five of the witness' testimony that they were looking for a candidate who had experience working at the agency or had experience supporting executives in the Federal Government. Based on the evidence developed at the hearing, the Board concluded that there was no direct or circumstantial evidence that Ms. Trimble's military service was a motivating factor for non-selection.

Ms. Trimble appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### III

We set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Off. of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004).

### IV

We affirm the Board's decision denying Ms. Trimble's USERRA claim because substantial evidence supports that Ms. Trimble's military service was not a motivating factor in her non-selection.

> An employee who makes a discrimination claim under USERRA bears the initial burden of showing by a preponderance of the evidence that [their] military service was a substantial or motivating factor in the adverse employment action. If the employee

> makes that prima facie showing, the employer can avoid liability by demonstrating, as an affirmative defense, that it would have taken the same action without regard to the employee's military service.

*Erickson v. U.S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009). Here, the Board concluded that Ms. Trimble had not made a prima facie showing that her military service was a motivating factor in her non-selection. To reach that conclusion, the Board credited the selecting officials' testimony that they hold favorable views of veterans in the workforce, they applied the same review process to all applicants, and they were generally looking for candidates who had experience working at the agency or had experience supporting executives in the Federal Government or a judicial support role. The Board also credited one selecting official's testimony that, while he listed her as a "maybe" for an interview, he ultimately did not interview Ms. Trimble because her resume reflected no Federal experience and no judicial support experience. Also relevant to showing a lack of discrimination was the evidence that four of the selecting officials were veterans (and two of those were disabled veterans), both HR specialists involved in hiring for this role are disabled veterans, and multiple of the selectees were veterans, including a veteran with the same disability rating as Ms. Trimble. This evidence—including the selecting officers' testimony, the HR specialists' testimony, and the Board's credibility determinations—constitutes substantial evidence to support the Board's conclusion.

Ms. Trimble argues that the selection of at least one non-veteran shows at least one selecting official "did not want to hire a veteran or honor laws that grant veterans preferences for federal jobs." Pet. Br. 4–5. Not only is this speculation belied by the evidence discussed above, but "claimants must show evidence of discrimination other than the fact of non-selection and membership in the protected class." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1015

(Fed. Cir. 2001). The mere fact that at least one of the selectees is not a member of the protected class cannot make out a prima facie case of discrimination.

Ms. Trimble also argues that the agency discriminated against her because it preselected candidates and hired individuals with less experience than her. But the Board in a USERRA appeal is not tasked with determining who is best qualified for a position. Rather, the question for the Board is whether Ms. Trimble's military service was a motivating factor in her non-selection. *See Becker v. Dep't of Veterans Affs.*, 474 F. App'x 761, 762 (Fed. Cir. 2012) ("[R]egardless of how the facts were evaluated as to the respective qualifications of the candidates, Becker needed to show that his military service was a substantial factor in his non-selection to establish his USERRA claim."). The Board credited testimony that the selecting officials were looking for a specific type of experience: supporting executives in the Federal government or a supporting role in a judicial context. Although Ms. Trimble may have more years of one type of experience, Ms. Trimble's resume did not reflect the preferred type of experience. This is substantial evidence that Ms. Trimble's military service was not a motivating factor in her non-selection.

Ms. Trimble also argues that she was entitled to veterans' preference. But "while USERRA prevents the denial of a promotion on the basis of military service, it does not itself provide a remedy to veterans who are not given preferences in employment decisions." *Wilborn v. Dep't of Just.*, 230 F.3d 1383 (Fed. Cir. 2000) (unpublished table decision). The proper statutory hook for this argument is the VEOA, which is addressed in our related opinion issued today. *Trimble v. Dep't of Veterans Affs.*, 23-1306, slip op. (Fed. Cir. June 30, 2023) (per curiam).

Ms. Trimble also argues that the Board did not produce evidence showing the hearing was not rehearsed, asserts without evidence that documents were falsified, and

speculates about bias. But it was Ms. Trimble who had the burden of proof. At best, Ms. Trimble's accusations reflect her own opinions and are not part of the record. As discussed above, substantial evidence supports the Board's conclusion that her military service was not a motivating factor for non-selection.

Finally, Ms. Trimble alleges that one or more of the selecting officials illegally accessed her medical records or VA claim files. First, this argument is forfeited because it was not raised before the Board. *Bosley v. Merit. Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998). Second, even if not forfeited, there is no evidence that any of the officials accessed her medical records or claim file. Ms. Trimble placed a FOIA request seeking the names of individuals who accessed her records. None of the names identified through this request match the names of the selecting officials. Moreover, one of the selecting officials testified that he did not access her medical records or claim file, and Ms. Trimble concedes that she forgot to ask the other officials about this issue. Thus, no evidence supports Ms. Trimble's subjective belief that a selecting official accessed this information.

V

We have considered Ms. Trimble's remaining arguments and do not find them persuasive. Because substantial evidence supports the Board's conclusion that Ms. Trimble's military service was not a motivating factor for non-selection, we affirm.

**AFFIRMED**

No costs.